Timothy R. FUTRELL a/k/a
Tim Futrell, Movant,

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 97–SC–394–KB.

Supreme Court of Kentucky.

Sept. 4, 1997.

Tim Futrell, Cadiz, pro se.

Bruce K. Davis, Barbara S. Rea, Jay R. Garrett, Jane Hampton Herrick, Kentucky Bar Association, Frankfort, for Respondent.

## OPINION AND ORDER

STEPHENS, Chief Justice.

■ That part of the motion by Timothy R. Futrell to resign under terms of disbarment which relates to Kentucky Bar Association files No. 2169, 2187, 2211, 2230 and 2347 is GRANTED.

The Inquiry Tribunal issued charges of professional misconduct which arise out of the same facts as the criminal offenses for which Futrell was convicted by a jury in Christian Circuit Court in Case No. 91–CR–167, for five counts of the felony offense of theft by failure to make required disposition of property, in violation of KRS 514.070, the property in question belonging to his clients. He was also convicted of three counts of second-degree criminal possession of a forged instrument in violation of KRS 516.060, also a felony.

The Inquiry Tribunal charged that Futrell misappropriated settlement funds from five clients and converted the money to his own use.

■ The request of Futrell for a retroactive application of the period of disbarment is DENIED. The Court will not grant him credit for the period that has elapsed since the order of temporary suspension of March 24, 1994, or the time from which he withdrew from the practice of law in 1991. The order of this Court that Futrell post bond and not take on additional clients was rendered to protect the public and not to be used as a matter of defense.

There is no evidence that the KBA has failed to diligently prosecute this matter. Any delays have been occasioned by the multitude of charges and the complexity of the alleged unethical and criminal conduct of Futrell.

The legal authorities cited by Futrell to support his request for credit, or retroactive disbarment, are unconvincing. Futrell has failed to demonstrate that he is entitled to mitigation and the steps that he has taken toward what he considers to be rehabilitation, do not justify forgiveness for his criminal and unprofessional conduct and a pattern of such conduct involving duplicity and deceit over a period of years toward the public and his clients in particular.

The motion of Futrell to resign under terms of disbarment is GRANTED in KBA cases 2167, 2187, 2211, 2230 and 2347.

The motion for retroactive application of the commencement of his period of disbarment is DENIED. The effective date of the

order permitting resignation under terms of disbarment will begin from the date of this Order.

It is further ordered that:

1) Movant shall not be permitted to engage in the practice of law, as defined by SCR 3.020, in the Commonwealth of Kentucky until such time as the Supreme Court of Kentucky enters an order reinstating his membership in the Kentucky Bar Association.

2) Movant shall not file an application for reinstatement for a period of five years from the date of this order.

3) Not withstanding the five year period mentioned above, the Movant shall not file an application for reinstatement if there is any outstanding claim or judgment against him resulting from his practice of law prior to resignation, such claims and judgments shall include any from the client's security fund of the Kentucky Bar Association.

4) Any application for reinstatement filed by movant shall be governed by SCR 3.520, reinstatement in case of disbarment, or any subsequent amendment to SCR 3.520.

5) The costs of all disciplinary proceedings pending against movant shall be paid by movant in accordance with SCR 3.450(1) and SCR 3.480(3).

6) Movant represents that he has complied, pursuant to a previous Order of Temporary Suspension, with the provisions of SCR 3.390 requiring notice to all courts in which he has matters pending and to all clients whom he was actively representing of his inability to continue to represent them.

All concur.

JOHNSTONE, J., not sitting.