John D. ROGERS, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 98–SC–125–KB.

Supreme Court of Kentucky.

April 16, 1998.

**OPINION AND ORDER**

That part of the motion by John D. Rogers, of Somerset, Kentucky, a member of the

Kentucky Bar Association, to resign under terms of disbarment is granted.

■ Rogers was convicted in the United States District Court, Eastern District of Kentucky on October 25, 1994, of two counts of conspiracy to commit extortion, one count. of mail fraud, and one count of making a willful false statement to agents of the Federal Bureau of Investigation. He was sentenced to forty-two months imprisonment and two years of supervised release. Pursuant to SCR 3.166, Rogers was automatically suspended from the practice of law on October 26, 1994 for conviction of a felony. *Kentucky Bar Association v. Rogers,* Ky., 895 S.W.2d 577 (1995). He was ordered to notify all clients in writing pursuant to SCR 3.166(4), and he subsequently complied with this order.

Disciplinary proceedings were begun by issuance of an Inquiry Tribunal complaint on or about May 20, 1994. However, no formal charge was issued due to Rogers' request to abate further proceedings as provided by SCR 3.180 pending resolution of the criminal charges against him. This request was granted by the Inquiry Tribunal by order entered May 30, 1995.

■ Rogers' request that the period of temporary suspension be credited against the minimum waiting period required by SCR 3.520 before filing an application for reinstatement is denied. Disciplinary proceedings against Rogers were abated pursuant to his request. Any delay was not occasioned by failure of Respondent to diligently prosecute these proceedings. Nor are there any mitigating circumstances which would warrant leniency. *Futrell v. Kentucky Bar Association,* Ky., 950 S.W.2d 480 (1997).

IT IS THEREFORE ORDERED THAT: Movant John D. Rogers' motion to resign under terms of disbarment is granted.

The motion for retroactive application of the commencement of his period of disbarment to the date of his temporary suspension is denied.

IT IS FURTHER ORDERED THAT:

1. Movant shall not be permitted to engage in the practice of law, as defined by SCR 3.020, in the Commonwealth of Kentucky until such time as the Supreme. Court of Kentucky enters an order reinstating his membership in the Kentucky Bar Association.

2. Movant shall not file an application for reinstatement for a period of five years from the date of this order.

3. Notwithstanding the five year period mentioned above, Movant shall not file an application for reinstatement if there is any outstanding claim or judgment against him resulting from his practice of law prior to resignation, including any claims and judgments against the client's security fund of the Kentucky Bar Association.

4. Any application for reinstatement filed by Movant shall be governed by SCR 3.520 or any subsequent amendment to SCR 3.520.

5. The cost of all disciplinary proceedings against Movant have been paid by Movant in accordance with SCR 3.450(1) and SCR 3.480(3).

6. Movant represents that he has complied, pursuant to a previous order of temporary suspension, with the provisions of SCR 3.390 requiring notice to all courts in which he has matters pending and to all clients whom he was actively representing of his inability to continue to represent them.

All concur.

Entered: April 16, 1998.

/s/ Robert F. Stephens
    Chief Justice