KENTUCKY BAR ASSOCIATION,
Appellant,

v.

Herbert Jaime HAAS, Appellee.

No. 98–SC–000959–KB.

Supreme Court of Kentucky.

Feb. 18, 1999.

## OPINION AND ORDER

The Kentucky Bar Association, pursuant to SCR 3.425, has moved this Court for an order directing Herbert Jaime Haas, a member of the Kentucky Bar Association, to show cause why he should not be suspended from the practice of law in Kentucky for one year, on the basis of reciprocal discipline consistent with an order of suspension for a period of one year entered by the Supreme Court of Ohio on September 30, 1998. On December 8, 1998, this Court ordered Haas to show cause why he should not be subject to such discipline. Haas responded to the order, stating that he will not offer proof under SCR 3.435(4). Further, Haas requests that, having self-reported discipline by the Supreme Court of Ohio, the period of suspension in this Commonwealth commence from September 30, 1998, the date of entry of the order of suspension in the State of Ohio.

The Ohio order of suspension states that Haas engaged in conduct involving sharing fees with a non-lawyer in violation of DR 3–102(A); that he compensated a person to recommend or secure employment of a client in violation of DR 2–103(B); and that he requested a person to recommend or pro-

mote the use of a lawyer's services in violation of DR 2–103(c) when he entered into an arrangement with an insurance company salesman who was not an attorney, whereby the salesman would refer personal injury claimants to Haas in return for a portion of the fees at the conclusion of the case. From 1990 to 1996, Haas represented approximately 20 to 30 such persons and paid the salesman $22,160.38. In 1996, the salesman sued Haas for unpaid fees and obtained a judgment in the amount of $977.00.

The KBA points out that the conduct proscribed in the above Ohio disciplinary rules is also proscribed in SCR 3.130–5.4(a), which prohibits a lawyer from sharing legal fees with a non-lawyer; in SCR 3.130–7.20(2) which provides that a lawyer shall not give anything of value to a non-lawyer for recommending the lawyer's services, except that a lawyer may pay the reasonable cost of advertising or communication; and in SCR 3.130–5.4(c) which provides that a lawyer shall not permit a person who recommends, employs, or pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services.

Upon review, this Court recognizes the improper conduct and imposes a discipline of suspension from the practice of law in Kentucky for one year. The request for retroactive application of the period of suspension is denied. Haas was required under SCR 3.435(1) to inform the KBA of disciplinary action in another jurisdiction. Thus, the Court will not grant Haas credit for the period that has elapsed since the entry of the order of suspension from the State of Ohio. *Futrell v. Kentucky Bar Association*, Ky., 950 S.W.2d 480 (1997).

IT IS FURTHER ORDERED THAT:

1. Herbert Jaime Haas shall comply with the provisions of SCR 3.390 regarding notice to all courts in which he has matters pending and to all clients for whom he is actively involved in representation, of his inability to continue to represent them and of the urgent necessity of promptly retaining new counsel. He shall also return all active files to his clients.

2. Haas shall pay the costs of this proceeding for which execution may issue.

3. Any application for reinstatement will be governed by SCR 3.510, or any subsequent amendment to SCR 3.510.

All concur.

ENTERED: February 18, 1999.

/s/ Joseph E. Lambert

CHIEF JUSTICE