KENTUCKY BAR ASSOCIATION,
Movant,

v.

Patrick C. HICKEY, Respondent.

No. 2000–SC–0648–KB.

Supreme Court of Kentucky.

Nov. 22, 2000.

## OPINION AND ORDER

On March 8, 1999, Respondent, Patrick Hickey, pled guilty to one felony count of income tax evasion in the United States District Court, Eastern District of Kentucky. On that same day, Hickey filed a motion to withdraw from membership in the Kentucky Bar Association (KBA) and for an order suspending him for 180 days, effective March 9, 1999, with a two-year suspension probated for five years to follow. This Court entered an order dated April 22, 1999, temporarily suspending Hickey pursuant to SCR 3.166(1), but denying his requested length of suspension. *Hickey v. KBA,* Ky., 988 S.W.2d 33 (1999).

Thereafter, on June 9, 1999, the Inquiry Commission issued a charge against Hickey for violations of SCR 3.130–8.3(b) and SCR 3.130–8.3(c). Hickey admitted the violations and the matter proceeded to an evidentiary hearing so that the record could be developed regarding Hickey's alleged mitigation evidence. On June 23, 1999, a Trial Commissioner was appointed.

In the interim, Hickey was sentenced in federal court in October 1999. He received eight months imprisonment, followed by eight months of home incarceration, and finally three years of supervised release. The KBA informs this Court that Hickey was incarcerated in November 1999, and released in May 2000. He will be home incarcerated until approximately March 2001, and under supervised release until 2003.

In March 2000, the Trial Commissioner issued his report concluding that Hickey was guilty as charged, and recommending a suspension of four years, two years conditionally discharged upon monitoring by Lawyers Helping Lawyers. In a subsequent order, the Trial Commissioner ruled that the period of suspension was retroactive from the date of temporary suspension, namely March 9, 1999. In making his recommendation, the Trial Commissioner was greatly influenced by the following mitigating factors: that Hickey admitted alcohol and drug dependency, as well as family problems; that he has successfully been in treatment since 1995; that his personal problems did not affect his professional life as he has practiced law for fifteen years with no major infractions; that the criminal charges did not affect any clients; that all taxes have been paid in full; and that he received pro bono awards in 1995–1998.

The KBA appealed the Trial Commissioner's decision to the Board of Governors, requesting that Hickey be suspended for five years, consistent with prior KBA cases imposing such suspension for the commission of a felony. The Board of Governors subsequently issued a report

recommending Hickey be suspended for a period of four years. However, the Board's report was silent as to conditional discharge of any part of the suspension, or retroactive credit for the period of temporary suspension. Hickey thereafter filed the instant notice of review in this Court pursuant to SCR 3.370(8).

Hickey contends that pursuant to SCR 3.370, the Board of Governors must uphold the decision of the Trial Commissioner unless it lacks substantial evidence or is clearly erroneous. Hickey argues that the discipline imposed by the Trial Commissioner was clearly supported by the record and made only after a full evidentiary process. He points out that none of the mitigating evidence he introduced was challenged by Bar Counsel. In support of his position, Hickey cites to recent KBA decisions involving the use of the Lawyers Helping Lawyers Committee in overseeing conditions of discipline under SCR 3.380. *KBA v. Rankin,* Ky., 862 S.W.2d 894 (1993); *KBA v. Dunn,* Ky., 965 S.W.2d 158 (1998). In both cases, the attorneys were convicted of committing felonies and received suspensions that were at least, in part, conditionally discharged.

With respect to the issue of retroactivity, Bar Counsel argued before the Trial Commissioner and Board of Governors that *Futrell v. KBA,* Ky., 950 S.W.2d 480 (1997), prohibits retroactive application of discipline. Hickey defends that his case is distinguishable from *Futrell* since not only did Futrell's offenses involve the theft of clients' money, but this Court found that Futrell had failed to demonstrate any mitigating circumstances or that he had taken any steps toward rehabilitation.

■ We are of the opinion that the Trial Commissioner erred in recommending a partially probated period of suspension. Pursuant to the Trial Commissioner's recommendation of a four year suspension from the date of his temporary suspension in March 1999, with two years conditionally discharged, Hickey would be eligible to apply for reinstatement in March 2001.

However, we take issue with the Board's implicit denial of retroactive credit for the period of temporary suspension. In *Futrell v. KBA,* Ky., 950 S.W.2d 480 (1997), we denied a motion for retroactive application of the commencement of a period of disbarment on the grounds that the movant had failed to demonstrate that he had taken steps toward rehabilitation. Futrell's actions did "not justify forgiveness for his criminal and unprofessional conduct and a pattern of such conduct involving duplicity and deceit over a period of years toward the public and his clients in particular." *Id.* at 480.

This case presents a much different situation. Hickey was convicted of one count of tax evasion. While Hickey's conduct was unquestionably criminal and unprofessional, it in no manner affected his clients or his professional practice. Moreover, Hickey admitted that his criminal conduct was the result of years of dependency, for which he has now sought treatment and has evidently been successful in such. Hickey's criminal activity may be attributed to what health care professionals characterize as a sickness. Futrell's criminal activity may be characterized as the result of a character defect.

■ Contrary to the KBA's interpretation, *Futrell* was not intended to be a bright line prohibition of retroactive credit for a period of suspension. In fact, upon reexamination of the issue, we perceive distinct unfairness and prejudice in denying retroactive credit. The situation is analogous to denying credit for jail time served in a criminal case. The defendant would ultimately serve a greater period of imprisonment than the judgment imposed. Similarly, an attorney who is suspended from the practice of law, and denied credit for any period of temporary suspension previously ordered, is subjected to a period of suspension in excess of that contemplated by the order. In this case, to deny Hickey credit for the period of temporary suspension, which was effective in March

1999, would result in the imposition of a five and one half year suspension rather than the four years recommended by the Board of Governors. Thus, we reiterate that *Futrell* does not proscribe retroactive credit for a period of temporary suspension. Rather, the entitlement or denial of credit should be considered on a case by case basis, taking into account, as was done in *Futrell,* mitigating evidence and the attorney's progress toward rehabilitation.

Therefore, it is ordered that:

1. Respondent, Patrick Hickey, is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of four (4) years. The suspension shall commence on March 9, 1999, the effective date of this Court's order of temporary suspension. The suspension shall continue until such time as he is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

2. In accordance with SCR 3.450, Hickey is directed to pay all costs associated with the disciplinary proceedings against him, said sum being $713.78, and for which execution may issue from this Court upon finality of this Opinion and Order.

3. Pursuant to SCR 3.390, Hickey shall within ten (10) days of the entry of this order notify all clients of his inability to represent them and furnish copies of said letters of notice to the Director of the Kentucky Bar Association. He shall also provide such notification to all courts in which he has matters pending.

All concur.

WINTERSHEIMER, J., not sitting.

ENTERED: November 22, 2000.

/s/ Joseph E. Lambert
Chief Justice.