**Robert L. TEMPLETON, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2001–SC–0459–KB.

Supreme Court of Kentucky.

Sept. 27, 2001.

## OPINION AND ORDER

Pursuant to SCR 3.480(3), Movant, Robert L. Templeton, requests that Kentucky Bar Association (KBA) proceedings against him be terminated on the basis of his admission that he violated those provisions of the Rules of Professional Conduct set forth in Counts I, II, IV and V of the Inquiry Commission's charge against him, and by imposition of a penalty of suspension from the practice of law for one year. For the reasons described herein, the KBA concurs with this request.

On February 6, 2001, the Inquiry Commission issued a seven-count amended charge against Movant regarding his representation of Michelle Rowe. In August 1995, Rowe's father, John Petry, died leaving his entire estate to his spouse. Rowe retained Movant to file a lawsuit against Petry's widow alleging fraud in her dealings with Petry. On November 29, 1995, Rowe and her husband caused Petry's home to be sold. As a condition of the sale, $10,000.00 of the proceeds was placed in Movant's escrow account to protect the buyers if the widow challenged the sale. After the conditions of the sale had been met, Movant was to deduct his fee from the $10,000.00 and release the balance to Rowe. At the time these charges were filed, Movant had not done so.

On October 4, 1999, Rowe terminated her attorney/client relationship with Movant and requested, by letter, that he send her an itemized bill, deduct his fee from the escrow account, and forward to her the balance of the account and her file. Rowe repeated her demands by letter of January 28, 2000. Movant failed to respond to either letter or to comply with the requests. On May 17, 2000, Rowe's husband filed a Bar Complaint against Movant. Movant did not respond. The Kentucky Bar Association sent Movant a letter reminding him of his failure to respond. Movant still did not respond. The Inquiry Commission then ordered Movant to respond before August 12, 2000. Again, he did not respond. On August 29, 2000, the Inquiry Commission initiated proceedings seeking temporary suspension of Movant's license to practice law. On December 21, 2000, this Court entered an order temporarily suspending Movant from the practice of law. *Inquiry Commission v. Templeton*, Ky., 48 S.W.3d 570 (2000). Movant has not been reinstated.

On January 8, 2001, Movant filed a petition requesting that the order of temporary suspension be dissolved. Attached to this petition was an invoice dated "January 2001" containing an itemization of legal services performed on behalf of Rowe and charging a total fee of $8,654.00. On January 12, 2001, Rowe received from Movant her file, the January 2001 invoice, and a check drawn on Movant's escrow account in the sum of $1,346.00. Along with an affidavit filed with the Kentucky Bar Association, Mrs. Rowe and her husband furnished an invoice they received from Mov-

ant, dated April 7, 1998, containing an itemization of services performed as of that date supporting a total fee of approximately $4,000.00. The Rowes contended that any services performed by Movant on their behalf after April 7, 1998 were negligible.

Count I of the amended charge filed against Movant by the Inquiry Commission alleged a violation of SCR 3.130–1.16(d), "Declining or terminating representation," for failing to "surrender[ ] papers and property to which the client is entitled and refund[ ] any advance payment of fee that has not been earned."

Count II alleged a violation of SCR 3.130–1.15(b), "Safekeeping property," for failing to "promptly deliver to the client … any funds or other property that the client … is entitled to receive and, upon request by the client .. promptly render a full accounting regarding such property."

Count III alleged a violation of SCR 3.130–8.3(c), "Misconduct," for "engaging in conduct involving dishonesty, fraud, deceit or misrepresentation" for failing to return Rowe's funds and belongings after being requested to do so on two different occasions. The KBA explains that this Count differed from Count II in that it was premised upon Movant's having either commingled Rowe's money with his own or misappropriated Rowe's money to his own use.

Count IV alleged a violation of SCR 3.130–1.4(a), "Communication," for failing to "keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information" by not responding to telephone calls and the two letters requesting return of funds and property belonging to Rowe.

Count V alleged a violation of SCR 3.130–8.1(b), "Bar admission and disciplinary matters," for "knowingly fail[ing] to respond to a lawful demand for information from an admissions or disciplinary authority" by failing to respond to the Bar Complaint filed by Rowe.

Count VI alleged another violation of SCR 3.130–8.3(c), "Misconduct," for "engaging in conduct involving dishonesty, fraud, deceit or misrepresentation" by preparing and sending an incorrect itemized invoice to Rowe.

Count VII alleged a violation of SCR 3.130–3.3(a)(1), "Candor towards the tribunal," by making "a false statement of material fact or law to a tribunal" by knowingly filing an incorrect itemized invoice with this Court in support of Movant's petition to dissolve the order of temporary suspension.

Movant denies Counts III, VI, and VII, asserting that he did not engage in dishonesty, fraud, deceit or misrepresentation with respect to Rowe's money and that the January 2000 itemized invoice was correct in that he performed all of the work listed in the invoice. Movant asks that these charges be dismissed. Movant admits the charges set forth in Counts I, II, IV and V.

In concurring with the proposed disposition, the KBA advises that, after investigating and obtaining additional documentation with respect to the services itemized in the January 2000 invoice, it is satisfied that those services were, in fact, performed; and, thus, Counts VI and VII, which were premised upon the filing of an incorrect itemized invoice, should be dismissed. The KBA also advises that its investigation also revealed that Movant neither commingled Rowe's money with his own nor misappropriated it to his own use; thus, the charge in Count III essentially merged with the charges in Count II.

In agreeing to Movant's motion for a one-year suspension, the KBA relies on prior cases in which one-year suspensions

were imposed for similar violations. These cases involved attorneys who had failed to promptly return unearned portions of fees upon termination of representation. *Kentucky Bar Association v. Thomas,* Ky., 894 S.W.2d 639 (1995); *Kentucky Bar Association v. Boling,* Ky., 892 S.W.2d 597 (1995); *Kentucky Bar Association v. Harris,* Ky., 875 S.W.2d 97 (1994).

Upon the foregoing facts, charges, and precedents, it is ordered that:

1. Counts III, VI, and VII of the charges against Movant are dismissed.

2. Movant is adjudged to have violated the Rules of Professional Conduct as described in Counts I, II, IV and V and is hereby suspended from the practice of law in the Commonwealth of Kentucky for one year. The period of suspension shall commence on December 21, 2000 and continue until such time as Movant is reinstated to the practice of law by order of this Court pursuant to SCR 3.510 or any controlling amendment to SCR 3.510.

3. In accordance with SCR 3.450 and SCR 3.480(3), Movant is directed to pay all costs associated with the disciplinary proceedings against him, said sum being $165.90, for which execution may issue from this Court upon finality of this opinion and order.

4. Pursuant to SCR 3.390, Movant shall, within ten (10) days from the entry of this order, if he has not already done so, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

5. Pursuant to an additional agreement between the KBA and Movant, before seeking reinstatement to the practice of law, Movant shall be evaluated by an independent medical professional chosen by the Character and Fitness Committee, but subject to selection of a different medical professional should a conflict of interest arise with the original selection. Movant shall pay all fees and costs associated with the evaluation.

COOPER, JOHNSTONE, KELLER and STUMBO, JJ., concur.

GRAVES, J., dissents by separate opinion, with LAMBERT, C.J., and WINTERSHEIMER, J., joining that dissent.

ENTERED: September 27, 2001.

/s/ Joseph E. Lambert
  Chief Justice

GRAVES, Justice, dissenting.

Respectfully, I must dissent. The Kentucky Bar Association desires to dismiss Counts III, VI, and VII and punish Respondent in accordance with his admitted guilt of Counts I, II, IV, and V. Given the evidence that Respondent padded his bill and did not return Rowe's escrow money until forced to do so, dismissal of Counts III, VI, and VII is not justified. This Court should instead resolve these issues to determine whether Respondent is guilty and deserving of greater punishment. If so, Rocky and Michelle Rowe are entitled to repayment of the money taken by Respondent.

Respondent's tardiness in returning Rocky and Michelle Rowe's money and the irregularities in Respondent's bill lie at the heart of the complaint against Respondent. The present arrangement, wherein Respondent gains the dismissal of the three more serious charges by admitting to the lesser counts, does not produce a just result. Not only does this decision leave the Rowes without a remedy for their loss, it also prevents further inquiry into events which could warrant a much stiffer penalty for Respondent. Respondent himself re-

quested that he be suspended for one year in return for dropping charges III, VI, and VII, perhaps because he knew that a close examination of the facts *would* result in greater punishment.

In their affidavit, the Rowes stated that they expected Respondent's bill to be very close to $4,000. They were understandably alarmed when the bill proved to be more than twice that figure. Even more disconcerting were the charges for work done years before which were not included in any prior invoices up to that date. Given the delays and incompetence that Respondent has already admitted, it is more than probable that the Rowes' claims are well-founded. Regardless of the positions of both the Kentucky Bar Association and Respondent, justice requires that this Court examine charges III, VI, and VII so that the Rowes will have a potential remedy and Respondent will receive his proper punishment.

Respondent's actions have accelerated the decline in the public's perception of the morality of lawyers, and have undermined the public confidence in the legal profession.

LAMBERT, C.J., and WINTERSHEIMER, J., join in this dissent.