**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Robert L. TEMPLETON, Respondent.**

**No. 2003–SC–0330–KB.**

Supreme Court of Kentucky.

Aug. 21, 2003.

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association ("KBA") petitions this Court to find Respondent, Robert Lee Templeton, guilty of violating SCR 3.130–1.3, SCR 3.130–1.16(d), and SCR 3.130–8.3(c) and to suspend his license to practice law for two years.

In 2001, the KBA received two complaints against Templeton: one filed by Allen Conley, the other by Regis Linn. Templeton had represented Conley and Linn on unrelated matters during the late 1990's. On December 13, 2001, the Inquiry Commission issued two charges against Templeton relating to his representation of Conley and Linn. Each charge contained three counts. The two charges were consolidated into a single disciplinary case along with an additional third charge which had been issued against Templeton by the Inquiry Commission in October 2000. The third charge was resolved by the issuance of a private admonition on July 5, 2002, and is not a part of this petition.

When the two charges were issued against Templeton on December 13, 2001, he was already serving a year-long suspension ("first suspension") from the practice of law commencing December 21, 2000. *Templeton v. Kentucky Bar Association,* Ky., 54 S.W.3d 154 (2001). In issuing the first suspension, this Court held that:

> [Templeton] is adjudged to have violated the Rules of Professional Conduct ... and is hereby suspended from the practice of law in the Commonwealth of Kentucky for one year. The period of suspension shall commence on December 21, 2000 and continue until such time as [Templeton] is reinstated to the practice of law by order of this Court ....

*Templeton v. KBA,* 54 S.W.3d at 157. In effect, after December 21, 2001, Templeton would be free to seek reinstatement to the bar. Templeton maintains that since his first suspension ended on December 21, 2001, subsequent suspensions (which he does not contest) should be applied retro-

actively to that date because the new charges were issued against him on December 13, 2001, when he still had one week left to serve on his first suspension.

The two charges against Templeton arising from his representation of Conley and Linn were consolidated on January 24, 2002. The trial commissioner conducted an evidentiary hearing on July 24, 2002. On September 23, 2002, the trial commissioner found Templeton guilty on four separate counts of professional misconduct and recommended that he be suspended from the practice of law for a period of one year. The trial commissioner further recommended that the suspension commence retroactively to December 21, 2001, the date his first suspension ended. Templeton did not contest his guilt or punishment (one-year-retroactive suspension) before the KBA.

The KBA did not accept the trial commissioner's recommendation and on April 23, 2003 issued its recommendation that Templeton be suspended for two (2) years, not one(1), commencing from the date of any disciplinary order entered by this Court (no retroactive application). Although Templeton's first suspension ended December 21, 2001, the KBA determined that 1) Templeton had failed to meet mandatory CLE requirements necessary to obtain re-instatement; 2) Templeton never was evaluated by an independent medical professional, which was a court-ordered condition of his reinstatement; and 3) most significantly, Templeton did not apply for reinstatement with the Character and Fitness Committee.

The two charges against Templeton arise from his representation of Conley and Linn. Templeton represented Conley in a slip-and-fall case in Carter Circuit Court which arose from an accident at Grayson Lake Marina in August 1996. During discovery, Templeton, despite ob-

taining several extensions of time, failed to respond or file any responses to discovery requests. As a result, on October 5, 1998, the defendant filed a motion to dismiss and to be awarded attorney's fees. The motion was heard in the Carter Circuit Court on October 19, 1998, but Templeton did not appear and failed to advise the court of the reason for his absence. The court granted defendant's motion to dismiss and ordered Conley to pay $1,611.45 in costs and attorney's fees, plus interest.

After entry of the Carter Circuit Court's order, Templeton assured Conley that he would personally pay the judgment on Conley's behalf. However, Templeton failed to do so, and, as a result, a judgment lien was placed on Conley's property and several garnishments were filed against Conley's bank accounts. On February 21, 2000, Templeton wrote Conley, acknowledging that he was responsible for the judgment and would pay it. However, Templeton never paid the judgment. Finally, on January 16, 2001, Conley filed a bar complaint, at which time Templeton paid the judgment.

The Inquiry Commission charged Templeton with three counts of professional misconduct in his representation of Conley for: I) violations of his duty of diligent representation under SCR 3.130–1.3; II) violations of his duty to obey the rules of a tribunal under SCR 3.130–3.4(c); and III) violations of his duties upon termination of representation under SCR 3.130–1.16(d). The trial commissioner found Respondent guilty under Counts I and III and not guilty under Count II. The KBA concurred.

The second charge arises from Templeton's representation of Regis Linn, for whom he filed a claim under the Federal Tort Claims Act in federal district court. Summary judgment was granted and Templeton filed a notice of appeal on August

10, 1997. At Templeton's request, the Sixth Circuit Court clerk's office extended the filing deadline for appellant's brief three times, with the final due date set for October 21, 1997. Despite getting three extensions, Templeton failed to file a brief. On November 4, 1997, the Sixth Circuit dismissed Templeton's appeal for lack of prosecution. Templeton filed a motion for reconsideration, but failed to take any further action and never filed a brief in Linn's case.

Eight months later, on July 13, 1998, Linn wrote to Templeton requesting an update on the status of his case. Templeton sent Linn a letter, dated July 14, 1998, informing him that:

> I am proceeding with efforts to have the adverse Judgment rendered by the U.S. District Court for the Eastern District Court reversed by the U.S. Court of Appeals for the Sixth Circuit. By separate mailing, which you should receive within the next few days, we are transmitting a copy of the brief submitted on your behalf to the Court. However, as we have previously discussed, I am not particularly optimistic about our chances of success even though I believe that Judge Henry R. Wilhoit, Jr. should not have Dismissed the complaint.... Please let me know if you have any questions or comments after you have received a copy of the brief.

Templeton had not filed, nor did he ever file, a brief in the Sixth Circuit Court of Appeals in Linn's case. As a result of Templeton's deceit, dishonesty, misrepresentation, and unethical conduct, the trial commissioner found Templeton had violated his duty of diligent representation under SCR 3.130–1.3, and the prohibition against conduct involving dishonesty, fraud, deceit, or misrepresentation under SCR 3.130–8.3(c). The KBA voted unanimously to uphold the trial commissioner's findings.

Since Templeton does not contest his guilt (professional misconduct) or punishment (suspension of license), the only issue for this Court to decide is the length and commencement date of the suspension. We agree with the recommendation of the KBA and hold that Templeton's license to practice law is hereby suspended for one year for violations arising from his representation of Conley and for two years for violations arising from his representation of Linn. These sentences will run concurrently, will not be retroactive, and will become effective upon entry of this Opinion and Order.

This Court has applied suspensions retroactively where a respondent is under temporary suspension for the same conduct involved in the disciplinary case. *Kentucky Bar Ass'n v. Hickey*, Ky., 31 S.W.3d 434 (2000). Such retroactive application is determined on a case-by-case basis, taking into account mitigating evidence and an attorney's progress toward rehabilitation. *Id.* at 435–36; *see Futrell v. Kentucky Bar Association*, Ky., 950 S.W.2d 480 (1997).

Here, Templeton's first suspension arose from charges completely unrelated to the charges brought by Linn and Conley: they arose from Templeton's representation of a different client in a different matter. The first suspension is relevant to this case only to the extent it sets a date, December 21, 2001, at which time Templeton would be able to seek reinstatement to practice law. However, Templeton did not seek reinstatement nor was he eligible for reinstatement at that time due to his failure to maintain his CLE credits or to get an independent medical examination. During his suspension, Templeton failed to get an independent medical examination as

required by this Court, he failed to get required CLE credits, and he did not actually seek reinstatement. Logic dictates that for Templeton to be appropriately punished for his professional misconduct, he must suffer real consequences, which in this case means his suspension will become effective only upon order of this Court and this order shall not be applied retroactively. Otherwise, Templeton would be getting credit for time when he was not eligible to practice law and had made no effort to become eligible.

■ Templeton has raised a new argument before this Court that he did not raise before the trial commissioner or the KBA Board of Governors, arguing that his mental health created mitigating circumstances which warrant retroactive application of his suspension. For the first time, Templeton now maintains that his misconduct was the result of his suffering from attention deficit disorder ("ADD"), a recognized disability under the Americans with Disabilities Act. He claims that the heightened stress of a heavy workload in his solo practice in the late 1990's through 2000 exacerbated his symptoms of impulsivity, distractibility, organizational difficulties, and anxiety beginning or completing tasks.

After careful review of the record, this Court notes that Templeton never presented any medical records or medical testimony before the trial commissioner or the KBA Board of Governors. Indeed, Templeton never even argued that he had a medical condition which contributed to or caused his violations of the professional rules of conduct. The record is completely devoid of any argument or evidence concerning Templeton's medical health. Templeton admits that he still has failed to get the independent medical exam which was required by this Court as a condition of his being reinstated after his first suspension

Further, even though Templeton has supplemented his brief with many items not in the record, the only medical evidence submitted to this Court, which is not part of the official record, is a April 20, 2001, letter from Dr. Borders stating that he had been seeing Templeton and his wife in therapy for three months. Dr. Borders diagnoses Templeton as "suffer[ing] from Adult Attention Deficit Hyperactivity Disorder and Bipolar Mood Disorder, Type II, Mixed."

But in arguing for mitigation and thus retroactive application, Templeton nowhere even mentions, much less argues, to this Court that he has a bipolar mood disorder. Yet, of Templeton's two diagnoses, bipolar disorder would certainly warrant as much mitigating consideration by this Court as ADD. Further, although Templeton states that he "now has had the benefit of both medication and other forms of treatment," Templeton provides no evidence that he has continued in therapy or is taking medication. All Templeton has shown this Court is that he was in marital therapy 2–1/2 years ago during which time he was diagnosed with ADD and bipolar disorder. Since then, all we know is that Templeton has failed to get an independent medical examination and we have no proof that he has received any other medical treatment.

This Court has a strong policy of promoting lawyers' physical, mental, and emotional well-being and encourages attorneys to seek professional assistance and pursue rehabilitation as needed. Due to our concerns for lawyers' well-being, although it is not procedurally proper, we are willing to consider Templeton's mental health argument. However, after considering the entire record in light of Templeton's new argument, we come to the same conclusion: Templeton engaged in professional misconduct and no mitigation of punish-

ment is warranted. Templeton never once argued, to the trial commissioner or the KBA Board of Governors, that he was medically impaired. Templeton's new medical health argument completely lacks any current, supporting documentation and is not persuasive. In short, Templeton fails to present any evidence to support his new claim. Based on the lack of evidence provided by Templeton, this Court will not remand this case for a supplementary evidentiary hearing.

Based upon the foregoing facts, charges, and precedents, it is ordered that:

(1) Count II of the charge brought by Conley and Count II of the charge brought by Linn against Templeton are both dismissed.

(2) Templeton is adjudged to have violated the Rules of Professional Conduct as described in Counts I and III of the charges brought by both Conley and Linn and is hereby suspended from the practice of law in the Commonwealth of Kentucky for two years. The period of suspension shall commence from the date of the entry of this Opinion and Order and shall continue until such time as Respondent is reinstated to the practice of law by order of this Court pursuant to SCR 3.510 or any controlling amendment to SCR 3.510.

(3) In accordance with SCR 3.450 and SCR 3.480(3), Templeton is directed to pay all costs associated with the disciplinary proceedings against him, said sum being $1,536.82, for which execution may issue from this Court upon finality of this Opinion and Order.

(4) Pursuant to SCR 3.390, Templeton shall within ten (10) days from the entry of this Opinion and Order, if he has not already done so, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur.

Entered: August 21, 2003.

/s/ Joseph E. Lambert
Chief Justice