KENTUCKY BAR ASSOCIATION,
Petitioner,

v.

Robert L. TEMPLETON (KBA Member No. 7020), Respondent.

No. 2004–SC–0891–KB.

Supreme Court of Kentucky.

Dec. 16, 2004.

## OPINION AND ORDER

Respondent, Robert L. Templeton, of Ashland, Kentucky, was admitted to the practice of law in the Commonwealth of Kentucky on April 1, 1975. At the time the current charges were filed, he was still serving suspensions from the practice of law for unrelated matters. *See Kentucky Bar Association v. Robert L. Templeton*, Ky., 111 S.W.3d 865 (2003); *Robert L. Templeton v. Kentucky Bar Association*, Ky., 54 S.W.3d 154 (2001); *Inquiry Commission v. Robert L. Templeton*, Ky., 48 S.W.3d 570 (2000).

Based on a complaint filed by Timothy Stapleton against Respondent, the Inquiry Commission authorized a four (4) count charge alleging a violation of SCR 3.130–1.3 (Diligence), SCR 3.130–3.2 (Expediting Litigation), SCR 3.130–1.4(a) (Communication), and SCR 3.130–8.1(b) (Failing to Respond to a Disciplinary Authority). Attempts were made to serve Respondent with a copy of the charge, at his KBA Roster address, but were unsuccessful. He was served through the Secretary of State pursuant to SCR 3.175.

The Board of Governors of the Kentucky Bar Association found Respondent guilty of four (4) counts of professional misconduct and recommended that he be suspended from the practice of law for a term of five (5) years.

All four (4) counts of misconduct arise from Respondent's handling of an appeal of a criminal conviction in the United States Court of Appeals for the Fourth Circuit. Respondent represented Timothy Stapleton in the appeal of a criminal conviction in the United States Court of Appeals for the Fourth Circuit. Respondent timely filed a Notice of Appeal on behalf of Mr. Stapleton on January 24, 2000, and also timely filed an Entry of Appearance and Docketing Statement on May 22, 2000, on Mr. Stapleton's behalf. Thereafter, Respondent failed to file a brief on behalf of Mr. Stapleton which resulted in the court dismissing Mr. Stapleton's appeal on October 11, 2000, for failure to prosecute pursuant to Local Rule 45.

On April 30, 2004, the Inquiry Commission charged Respondent with four (4) counts of professional misconduct in his representation of Mr. Stapleton. In summary:

(1) Count I alleged that Respondent violated SCR 3.130–1.3 which provides that "a lawyer shall act with reasonable diligence and promptness in representing a client;"

(2) Count II alleged that Respondent violated SCR 3.130–3.2 which provides in part that, "a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client;"

(3) Count III alleged that Respondent violated SCR 3.130–1.4(a) which provides that, "a lawyer should keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information;" and

(4) Count IV alleged that Respondent violated SCR 3.130–8.1(b) which provides in part that, "a lawyer shall not knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority."

On October 18, 2004, the Board of Governors, by a vote of 17–0, concluded that Respondent was guilty of all four (4) counts of professional misconduct and recommended that Respondent be suspended from the practice of law for a period of five (5) years. Respondent has not formally contested any stage of these proceedings; therefore, we accept the recommendation of the Board. SCR 3.370(10).

Accordingly, it is hereby ORDERED that:

1. Respondent, Robert L. Templeton, is suspended from the practice of law in this Commonwealth for a period of five (5) years. This period of suspension shall continue thereafter until Respondent is reinstated to the practice of law by order of this Court. SCR 3.510.

2. Pursuant to SCR 3.390, Respondent is directed to notify all of his clients and all courts in which he had matters pending of his inability to practice law in this Commonwealth, within ten days from the date of entry of this Opinion and Order. Respondent shall deliver copies of all letters of notification to the Director of the Kentucky Bar Association. In addition, Respondent shall immediately, to the extent possible, cancel and cease any advertising activities in which he is engaged.

3. Pursuant to SCR 3.450, Respondent is directed to pay the costs associated with this matter, said sum being $486.62, for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: December 16, 2004.

/s/ Joseph E. Lambert
Chief Justice