**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Terence K. MULLIKEN, KBA Member**
**No. 86330, Respondent.**

**No. 2011–SC–000229–KB.**

Supreme Court of Kentucky.

Sept. 22, 2011.

*OPINION AND ORDER*

Terence K. Mulliken, KBA Member number 86330, whose bar roster address is P.O. Box 321, Pikeville, Kentucky 41502, was admitted to the practice of law in Kentucky in 1996. The Trial Commissioner has submitted a report and made a recommendation as to Mulliken's discipline. Neither Mulliken nor the KBA has filed a notice of appeal pursuant to SCR 3.360(4). Therefore, we now consider the record before us and enter a final order adopting the Trial Commissioner's recommendation in accordance with SCR 3.370(10).

In January of 2007, the Inquiry Commission charged Mulliken with violation of former SCR 3.130–8.3(b), by committing a criminal act that reflected adversely on his "honesty, trustworthiness or fitness." Mulliken admitted that he began abusing prescription medications and alcohol in 2002, perhaps as a reaction to familial and work-related stresses. Around the same time, he engaged in a romantic relationship with a woman incarcerated at the Pike County Jail. At her request, Mulliken began providing her with various medications. He accomplished this by giving the pills to the woman's cellmate, who was Mulliken's client and on daily work release from the Pike County Jail. Ultimately, the

scheme was uncovered by jail officials and Mulliken was convicted of promoting contraband in the first degree and conspiracy to trafficking in a controlled substance in the second degree. He was sentenced to five years on each count, to run consecutively. *See Mulliken v. Commonwealth,* 2006 WL 954141 (Ky.App.2006). By virtue of his convictions, he was temporarily suspended from the practice of law by this Court on June 23, 2004.

At an evidentiary hearing before the Trial Commissioner, Mulliken acknowledged that the above felony convictions are sufficient to warrant a five-year suspension from the practice of law. Nonetheless, he argued that mitigating circumstances exist to allow a lesser suspension. Mulliken pointed to his otherwise spotless criminal and disciplinary record, his excellent work history, his role as a provider and caring father to his three children, and his addiction at the time of the criminal acts. He also highlighted the fact that he has been suspended from the practice of law from May of 2004 to the present.

The KBA disagreed that Mulliken's arguments constitute legitimate mitigating circumstances. It argued that there is no indication, other than Mulliken's own assertions, that he is actually drug-free. It further asserted that the five-year suspension should begin when Mulliken is finally released from "all vestiges of parole."

The Trial Commissioner concluded that Mulliken had violated the former SCR 3.130–8.3(b) by his conviction in the Pike Circuit Court. As to a recommended discipline, the Trial Commissioner concluded that he should remain suspended until he is fully released from probation and parole, and for five years thereafter. Further, it was recommended that Mulliken be evaluated by an appropriate substance abuse professional and also be required to enter into a five-year agreement with the Kentucky Lawyer Assistance Program (KYLAP). Finally, in light of Mulliken's ongoing seven-year suspension and his employment record, the Trial Commissioner recommended the five-year suspension be probated upon his release from probation and parole and on the condition that he follow the requirements set forth in a KYLAP contract.

Because, as Mulliken acknowledges, his felony convictions do constitute violation of the former SCR 3.130–8.3, this Court adopts the conclusions of the Trial Commissioner with respect thereto. Also, because the Trial Commissioner's recommended discipline is appropriate in light of these violations, this Court elects not to review the recommendation as permitted under SCR 3.370(9). *See KBA v. Dunn,* 90 S.W.3d 461 (Ky.2002). *See also Richendollar v. KBA,* 60 S.W.3d 551 (Ky.2001). The recommendation is, therefore, adopted pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Respondent, Terence K. Mulliken, KBA Member No. 86330, shall remain suspended from the practice of law in this Commonwealth until he is finally and fully released from probation or parole in *Commonwealth v. Mulliken,* Pike Circuit Court Case No. 04–CR–00020. He shall remain suspended for five (5) years thereafter, beginning the day he is released from probation or parole.

2. Mulliken shall immediately be evaluated by an appropriate substance abuse professional and shall follow all recommendations, including residential treatment, if needed.

3. Mulliken shall also immediately contact KYLAP and enter into a five (5)-year agreement, including regular testing and monitoring for drug and alcohol use.

4. Once Mulliken is completely released from any probation or parole obligation, has completed the requirements suggested by an appropriate substance abuse professional, and has followed the Suggestions in the KYLAP contract, the remaining period of his KBA suspension shall be probated, so long as Mulliken continues to follow the provisions of his KYLAP agreement and remains illegal drug and alcohol free.

5. Pursuant to SCR 3.370, Mulliken is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $619.07, and for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: SEPTEMBER 22, 2011.

/s/ John D. Minton Jr.

Chief Justice