TO BE PUBLISHED

# Supreme Court of Kentucky

## 2015-SC-000102-KB

RODERICK A. TEJEDA                                             MOVANT

V.                          IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                              RESPONDENT

## OPINION AND ORDER

Pursuant to SCR 3.480(2), the negotiated sanction rule, Movant, Roderick A. Tejeda, KBA Number 86488, moves this Court to impose upon him a four-year suspension, along with additional conditions, to resolve professional misconduct charges. The Kentucky Bar Association (KBA) has no objection to Movant's request.

Movant was admitted to the practice of law in Kentucky on October 18, 1996, and his bar roster address is 1985 Highway 1275 North, Monticello, KY 42633. For the reasons set forth herein, we grant Movant's motion.

Movant was involved in an accident on April 19, 2012, in which the driver of the other vehicle was killed. On September 10, 2013, Movant entered into a plea agreement with the Commonwealth in which he agreed to enter a pre-trial diversion program. Pursuant to the agreement Movant pled guilty to an amended charge of reckless homicide, a Class D felony, KRS 507.050, based

upon the grounds that he was speeding at the time of the accident; under the agreement Movant received a five year sentence. The entire sentence was probated and Movant is now under the supervision of Probation and Parole.

Based upon his felony conviction of reckless homicide the Inquiry Commission issued a charge against Movant alleging violation of SCR 3.130-8.4(b) for professional misconduct in committing "a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

Movant admits that he is guilty of the above ethical violation. As punishment, Movant requests a four-year suspension from the practice of law, retroactive to September 11, 2013 (the date of the automatic temporary suspension imposed upon his felony conviction), with the additional conditions that he continue ongoing monitoring by KYLAP and follow any recommendations made by that office, and that he be released from any supervision by Probation and Parole before reinstatement. The KBA presents no objection to Movant's proposed sanction.

The negotiated sanction rule provides that "[t]he Court may consider negotiated sanctions of disciplinary investigations, complaints or charges if the parties agree." SCR 3.480(2). Specifically, "the member and Bar Counsel [must] agree upon the specifics of the facts, the rules violated, and the appropriate sanction." *Id.* Upon receiving a motion under this Rule, "[t]he Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.*

2

Thus, acceptance of the proposed negotiated sanction still falls within the discretion of the Court.

In support of the negotiated sanction the KBA cites us to *Kentucky Bar Association v. Mulliken*, 353 S.W.3d 614 (Ky. 2011), and *Kentucky Bar Association v. Goble*, 424 S.W.3d 423 (Ky. 2013). In *Mulliken*, the attorney was charged with multiple rule violations for using an incarcerated client to deliver drugs to his girlfriend inside of a jail facility. This resulted in his conviction for two felonies. For these violations the attorney was charged with violating the same ethical rule at issue here, and received a negotiated five-year suspension and was ordered to submit to an evaluation and ongoing monitoring by KYLAP during the suspension period. In *Goble*, this Court gave Goble a five year suspension for violating SCR 3.130-8.4(b) and SCR 3.130-8.4(c) by engaging in financial misconduct resulting in three felony convictions and made the suspension retroactive to the date of the automatic temporary suspension. We agree with the KBA that *Mulliken* and *Goble* support the negotiated sanction proposed under the facts of this case.

After reviewing the allegations, the Movant's previous disciplinary record, his willingness to cooperate with KYLAP and the cases cited by the KBA, this Court concludes that the discipline proposed by Movant, and agreed to by the KBA, is the appropriate sanction here, and thus grants Movant's motion.

It is therefore **ORDERED** that:

1) Movant, Roderick A. Tejeda, KBA Number 86488, 1985 Highway 1275 North, Monticello, KY 42633, is adjudged guilty of violating SCR 3.130-8.4(b) as charged in KBA File 20838;

2) Movant is suspended from the practice of law in Kentucky for four years, retroactively to September 11, 2013, the date of the previously imposed automatic temporary suspension, or until he is finally released from probation and parole in *Commonwealth v. Tejeda*, 12-CR-00093;

3) Movant is to continue ongoing monitoring by KYLAP and shall be evaluated by a professional recommended by them and fully comply with all recommendations resulting from such evaluation;

4) Movant shall remain drug and alcohol free;

5) Pursuant to SCR 3.390, Movant shall, within ten days from the entry of this Opinion and Order, if he has not already done so, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his four-year suspension from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel;

6) If he has not already done so, to the extent possible, Movant shall immediately cancel and cease any advertising activities in which he is engaged; and

7) In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against him, said sum being

$47.61 for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: April 2, 2015.

_____
CHIEF JUSTICE