TO BE PUBLISHED

# Supreme Court of Kentucky

2016-SC-000624-KB

**FINAL**

DATE 12/28/16 Kim Redmon, DC

JEREMY JOSEPH GUBIN

MOVANT

V.                         IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                         RESPONDENT

## OPINION AND ORDER

The Movant, Jeremy Joseph Gubin, under SCR 3.480(2), asks this Court to enter an order resolving the pending disciplinary proceeding against him (KBA File No. 24195) by suspending him from the practice of law for three years, with certain conditions. This motion is the result of an agreement with the Office of Bar Counsel for the Kentucky Bar Association. For the reasons below, the motion is granted.

### I. Background

Gubin was admitted to the practice of law in the Commonwealth of Kentucky on October 18, 2013. His KBA member number is 95555. His KBA roster address is 6821 Meadow Ridge Lane, Cincinnati, Ohio 45237.

Gubin was arrested and charged in Kenton County with first-degree possession of a controlled substance, first offense (heroin), possession of drug paraphernalia, public intoxication, and endangering the welfare of a minor. On March 29, 2016, he pleaded guilty to felony first-degree possession of a

controlled substance. Based on this plea, as of March 30, 2016, he was automatically temporarily suspended under SCR 3.166 and has remained suspended since then.

On April 27, 2016, the Kenton Circuit Court entered an order admitting Gubin to pretrial diversion for his felony conviction. He is subject to three years of supervised diversion and several conditions. The court included among those conditions that Gubin was not to practice law during the period of diversion.

Based on his conviction, Gubin was charged by the Inquiry Commission with having violated SCR 3.130-8.4(b), which states that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

Gubin admits that his conduct violated this rule as alleged in the charge. He and the Office of Bar Counsel have reached an agreement to resolve this matter, and he now asks this Court to enter an order in conformity with their negotiations. The proposed disposition would find Gubin guilty of the single count in the charge and suspend him from the practice of law for three years, retroactive to the date of his automatic temporary suspension and subject to certain conditions. Those conditions are that he maintain participation in KYLAP and remain illegal-drug and alcohol free during his suspension, and be released from any supervision by Probation and Parole before reinstatement. This latter condition would essentially have Gubin suspended for possibly longer than three years if the period of diversion supervision is extended.

The Office of Bar Counsel has no objection to the motion and asks that it be granted. The Office of Bar Counsel states that it has reviewed the facts and relevant case law to support this resolution. Finally, according to the Office of Bar Counsel, the Chair of the Inquiry Commission and a Past President of the KBA have reviewed and approved the proposed sanction.

Gubin has no history of past discipline.

## II. Discussion

The negotiated-sanction rule provides that "[t]he Court may consider negotiated sanctions of disciplinary investigations, complaints or charges if the parties agree." SCR 3.480(2). Specifically, "the member and Bar Counsel [must] agree upon the specifics of the facts, the rules violated, and the appropriate sanction." *Id.* Upon receiving a motion under this Rule, "[t]he Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* Thus, acceptance of the proposed negotiated sanction falls within the discretion of the Court.

The Office of Bar Counsel has cited several cases for comparison to determine whether the sanction proposed here is appropriate. In *Kentucky Bar Association v. Mulliken*, 353 S.W.3d 614 (Ky. 2011), the attorney was convicted of two felonies for using an incarcerated client to deliver drugs to his girlfriend in jail and was sentenced to ten years in prison. Mulliken was to be suspended from the practice of law until released from probation or parole, followed by five additional years, the latter probated if he complied with KYLAP and remained

3

drug and alcohol free. The sanction Gubin requests is similar in that it requires him to be suspended for the duration of his diversion period.

In *Tejeda v. Kentucky Bar Association*, 456 S.W.3d 405, 406 (Ky. 2015), the attorney pleaded guilty to reckless homicide and was sentenced to five years, probated. The attorney was suspended for four years, retroactive to the date of his automatic suspension, subject to his compliance with KYLAP and not seeking reinstatement until released from the supervision of Probation and Parole. Gubin's proposed sanction is very similar to this sanction, in that his suspension will be retroactive and coincide with any supervision by Probation and Parole.

And in at least four other cases involving felony convictions, we have imposed a suspension retroactive to the date of the attorneys' automatic temporary suspension or a suspension that would not expire until the attorney was released from probation. *See Kentucky Bar Ass'n v. Goble*, 424 S.W.3d 423 (Ky. 2014); *Bertram v. Kentucky Bar Ass'n*, 126 S.W.3d 358 (Ky. 2004); *Kentucky Bar Ass'n v. Hickey*, 31 S.W.3d 434 (Ky. 2000); *Kentucky Bar Ass'n v. Horn*, 4 S.W.3d 135 (Ky. 1999).

Gubin's misconduct differs substantially from most of these offenses, at least with respect to the nature of the crimes. Like the attorneys in all these cases, however, he has been convicted of a felony, and his proposed sanction would have him suspended for at least the full period of his diversion but would be retroactive to the date of his automatic suspension.

4

After reviewing the allegations, the admitted facts, the comparable cases, and Gubin's previous disciplinary record, this Court concludes that the proposed resolution of this matter is adequate. The sanction, a three-year suspension with conditions, is appropriate given the circumstances.

**Order**

ACCORDINGLY, IT IS ORDERED THAT:

1. The Movant, Jeremy Joseph Gubin, is found guilty of the admitted violation of the Rules of Professional Conduct alleged in the charge.

2. Gubin is suspended from the practice of law for three years for his misconduct, retroactive to March 30, 2016, subject to the following conditions:

    a. Gubin shall not seek reinstatement under SCR 3.510 or otherwise until he serves his full three-year suspension, or until he is fully and finally released from diversion supervision by Probation and Parole, whichever occurs later;

    b. Gubin shall submit to an evaluation and ongoing monitoring by KYLAP regarding his continued substance-abuse treatment and compliance with any medication and therapy for the duration of his suspension; and

    c. Gubin shall remain illegal-drug and alcohol free during his suspension.

3. To the extent necessary, as he has been suspended since March 30, 2016, Gubin is instructed to promptly take all reasonable steps to

5

protect the interests of his clients. He shall not accept new clients or collect unearned fees and shall comply with the provisions of SCR 3.130-7.50(5).

4. As required by SCR 3.390, if he has not done so already, Gubin must, within 10 days after the issuance of this order of suspension, notify by letter duly placed with the United States Postal Service all courts or other tribunals in which he has matters pending, and all of his clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Gubin shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. He shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

5. In accordance with SCR 3.450, Gubin is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $38.85, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: December 15, 2016.

_____
CHIEF JUSTICE

6