TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0186-KB

ROBERT BRIAN OUSLEY                                                    MOVANT


V.                              IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                              RESPONDENT


## OPINION AND ORDER


Robert Brian Ousley moved this Court to impose a negotiated five-year suspension from the practice of law, to be applied retroactively to October 28, 2021, with conditions. The Kentucky Bar Association does not object to Ousley's motion. We grant the motion for negotiated sanction.

Ousley was admitted to the practice of law in 2006. His bar roster address is 653 Constanza Drive, Henderson, KY 42420. Pertinent to the present matter, Ousley was charged with first-degree burglary, a Class B felony, in Henderson Circuit Court on February 19, 2019. He pleaded guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to an amended charge of second-degree burglary, a Class C felony. On October 29, 2021, he was automatically suspended from the practice of law under SCR[1] 3.166 following his felony conviction.

---

[1] Rules of the Supreme Court.

The Inquiry Commission subsequently charged Ousley with violating SCR 3.130(8.4), which provides, "[i]t is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." Ousley admits he violated this ethical rule.

Ousley requests this Court to impose a five-year suspension, applied retroactively to October 28, 2021, the date of his automatic suspension. This negotiated sanction is conditioned on: (1) his participation in KYLAP on such terms and conditions as set by KYLAP; (2) his assurance that quarterly KYLAP compliance reports are provided to the Office of Bar Counsel (OBC) during the three-year KYLAP contract term; and (3) his receiving no new criminal charges or disciplinary charges during the period of suspension. Ousley acknowledges that should he violate any of these conditions, the OBC may seek to revoke the suspension and move for permanent disbarment.

SCR 3.480(2) authorizes this Court to "consider negotiated sanctions of disciplinary investigations, complaints or charges prior to the commencement of a hearing before a Trial Commissioner under SCR 3.240." For the purpose of this rule, the parties agree to a negotiated sanction when "the member and Bar Counsel agree upon the specifics of the facts, the rules violated, and the appropriate sanction." *Id.* This "Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* "Thus, acceptance of the proposed negotiated

2

sanction still falls within the discretion of the Court." *Tejeda v. Kentucky Bar Ass'n*, 456 S.W.3d 405, 406 (Ky. 2015).

The proposed sanction falls within the bounds established by our precedents. In *Adams v. Kentucky Bar Ass'n*, 626 S.W.3d 659 (Ky. 2021), we accepted a negotiated sanction of a three-year suspension, with conditions, where an attorney admitted violating the rules of professional conduct following her conviction of an amended charge of third-degree burglary. In a separate and subsequent action, the attorney was also convicted of operating a motor vehicle under the influence of alcohol or drugs, fourth offense within ten years. *Id.* at 660. In accepting the negotiated sanction, we considered Kentucky precedent, the attorney's lack of prior disciplinary record, and her commitment to maintaining her sobriety. *Id.*

In contrast to *Adams*, we are cognizant that Ousley has committed other criminal actions before and after the events giving rise to the present proceeding. He has candidly disclosed his other convictions and disciplinary history. In February 2019, Ousley pleaded guilty to the misdemeanor offense of carrying a handgun without a license in Vanderburgh County, Indiana. In June 2021, he pleaded guilty to another misdemeanor offense in Indiana—operating a vehicle while intoxicated (OWI), endangering a person. In October 2021, Ousley violated his probation in the Indiana OWI case by testing positive for methamphetamine. He also received three private admonitions in September 2019 and one 30-day suspension in January 2022. Ousley stated that his criminal activity and ethical violations resulted from a severe

3

substance abuse problem. We conclude the negotiated sanction in the present matter properly accounts for Ousley's history through the recommendation of a longer period of suspension than the one imposed in *Adams*.

Similar to *Adams*, Ousley has been cooperative throughout the disciplinary process and exhibited a commitment to maintaining sobriety. In August 2022, Ousley completed an inpatient substance abuse treatment program. He also signed a KYLAP agreement in December 2022 for a term of three years. As part of this agreement, Ousley agreed to undergo a drug test, which he passed. Ousley has been sober for two years following his probation violation for methamphetamine use. We further note the negotiated sanction in this matter was reviewed and approved by the Chair of the Inquiry Commission and a Past President of the KBA. After reviewing the allegations, Ousley's previous disciplinary and criminal record, and the caselaw cited by the KBA, we conclude the negotiated sanction is appropriate.

Therefore, because the KBA and Ousley have agreed to the five-year suspension with conditions, the Court orders:

1. Robert Brian Ousley's Motion for Negotiated Sanction is hereby granted pursuant to SCR 3.480(2).

2. Ousley is adjudged guilty of the above-described and admitted violation of SCR 3.130(8.4)(b).

3. Ousley is suspended from the practice of law for five years— retroactive to October 28, 2021, with such suspension conditioned on his participation in KYLAP on such terms and conditions as set

4

by KYLAP; provision of quarterly compliance reports to the OBC; and that he receive no new criminal charges during the period of suspension.

4. Should Ousley violate any of the foregoing conditions during the period of suspension, OBC may seek to revoke the suspension and move for permanent disbarment.

5. Pursuant to SCR 3.450, Ousley is directed to pay all costs associated with this disciplinary proceeding against him, said sum being $256.40, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 24, 2023.

_____
CHIEF JUSTICE