Adrian F. O'BRYAN, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 92–SC–14–KB.

Supreme Court of Kentucky.

Feb. 13, 1992.

Richard D. Reemers, Adrian F. O'Bryan, Louisville, for movant.

Bruce K. Davis, Executive Director, Scott D. Majors, Kentucky Bar Ass'n, Frankfort, for respondent.

## OPINION AND ORDER

Adrian F. O'Bryan of Louisville has been charged with unethical conduct and now moves for permission to resign from the Kentucky Bar Association and from the practice of law in Kentucky for one year pursuant to SCR 3.480(3). The Kentucky Bar Association opposed the motion because it believes that a one-year suspension is inadequate based on the degree of misconduct which they expect to establish at an evidentiary hearing.

The Inquiry Tribunal of the KBA filed a seven count charge against O'Bryan alleging that 1) he failed to prosecute his client's dissolution action in a timely manner; 2) that he failed to act with reasonable diligence and promptness; 3) he practiced law while under suspension; 4) he engaged in conduct involving misrepresentation by certifying as a Notary Public, that his client, whom he did not see on the day indicated, personally appeared and attested to the dissolution petition; 5) he misrepresented to his client that a hearing had been scheduled; 6) he made false statements in response to a disciplinary complaint about contact with his client during his previous suspension; and 7) during this disciplinary investigation, he knowingly failed to respond to a lawful demand for information.

Upon careful consideration of the record, it is ordered that Adrian F. O'Bryan's motion to resign from the Kentucky Bar Association and from the practice of law for one (1) year is granted. It is further ordered that:

1. Adrian F. O'Bryan shall not be permitted to engage in the practice of law, as defined by SCR 3.020, in the Commonwealth of Kentucky until such time as the Supreme Court of Kentucky enters an order reinstating his membership in the Kentucky Bar Association.

2. Adrian F. O'Bryan shall not file an application for reinstatement for a period of one year from February 13, 1992.

3. Notwithstanding the one year period mentioned above, Adrian F. O'Bryan shall not file an application for reinstatement if there is any outstanding claim or judgment against him resulting from his practice of

law prior to resignation, including any from the client's security fund of the Kentucky Bar Association.

4. Any application for reinstatement shall be governed by SCR 3.510 or any subsequent amendment thereto.

5. All disciplinary proceedings pending against movant shall be terminated and the cost thereof shall be paid by Adrian F. O'Bryan in accordance with SCR 3.450(1) and SCR 3.480(3).

Adrian F. O'Bryan shall comply with the provisions of SCR 3.390 requiring notice to all courts in which he has matters pending and to all clients whom he was actively representing of his inability to continue to represent them and of the necessity and urgency of retaining new counsel. Copies of these letters shall be furnished to the Kentucky Bar Association.

COMBS, LAMBERT, LEIBSON, REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., dissents.

ENTERED: February 13, 1992

(s) Robert F. Stephens
Chief Justice