**Randall V. HEAD, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 97–SC–060–KB.

Supreme Court of Kentucky.

Feb. 27, 1997.

## OPINION AND ORDER

Movant, Randall V. Head of Louisville, requests this Court to enter an order suspending his license to practice law in Kentucky for a period of two years pursuant to SCR 3.480(3). The Kentucky Bar Association [hereinafter KBA] has no objection to movant's proposal.

The conduct which led to the present disciplinary action arose from movant's representation of the defendants in a civil action filed against them by Byrd Fabrications Supply Company [hereinafter Byrd] in November, 1992. In lieu of an answer to the civil action, movant filed a motion to dismiss for improper venue and for failure to state a claim upon which relief could be granted. On December 14, 1992, plaintiffs filed a motion for a default judgment. The motion was granted and a judgment was entered against movant's clients for $145,936.00, plus interests and costs.

Subsequent to the rendering of the judgment, movant discovered that Byrd had been dissolved prior to the filing of its case and, consequently, had no standing to sue. However, movant failed to raise a motion under CR 60.02 to release his clients from the final judgment.

On September 16, 1994, movant filed Articles of Incorporation under the name of Byrd Fabrications Supply Company and called the Hartford Insurance Company [hereinafter Hartford], who had issued a supersedeas bond in the amount of $145,936.00 on behalf of his clients. As collateral for the bond, movant's clients had issued a letter of credit in that amount. In his telephone call to Hartford, movant requested that the collateral be released. On September 19, 1994, the bond claim attorney for Hartford sent movant a letter advising him that before the collateral could be released, movant needed to supply proof that Hartford's obligation, with respect to the bond, had been released. On September 20, 1994, movant sent the attorney for Hartford documents indicating that he was the sole stockholder, officer and director of Byrd; that Byrd had settled and released its claim against movant's clients; and that in light of the settlement, Byrd disclaimed any interest in the bond and that Hartford release the collateral. Movant further provided Hartford's attorney with a copy of a settlement and release that movant signed and dated September 20, 1994.

On that same date, movant sent a letter to the original plaintiff's attorney notifying him that he was no longer authorized to continue the law suit against his clients. Thus, movant filed a motion in Russell Circuit Court to dismiss the suit and to release the surety, asserting that he personally controlled Byrd and was the only source of authority for a civil action instituted by that entity. However, movant failed to sign the motion in violation of CR 11, and was subsequently found in contempt of the Russell Circuit Court.

On July 15, 1996, the Inquiry Tribunal of the KBA issued a Second Amended Charge against movant which included six counts: Count I charging movant with violating SCR 3.130–1.1; Count II charging movant with violating SCR 3.130–8.3(c); Count III charging movant with violating SCR 3.130–4.4; Count IV charging movant with violating SCR 3.130–3.3(a); Count V charging movant with violating SCR 3.130–3.4(c); and Count VI charging movant with violating SCR 3.130–4.1. Movant admits to violating all of these charges except Counts II and VI.

Consequently, he requests this Court to terminate this proceeding by consenting to his proposed suspension from the practice of law for a two-year period. Movant further acknowledges that the conduct he engaged in was both unprofessional and unethical.

THEREFORE, IT IS HEREBY ORDERED as follows:

1. Movant shall immediately resign his membership in the Kentucky Bar Association, and surrender his license to practice law in this Commonwealth, and shall not file an application for reinstatement for a period of two (2) years from the date of the entry of this order;

2. Movant shall be responsible for the payment of the costs of the disciplinary investigation and proceedings in accordance with SCR 3.450; and

3. Movant shall comply with the notice provisions within SCR 3.390.

All concur.

ENTERED: February 27, 1997.

/s/ Robert F. Stephens
Chief Justice