**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Jerry L. HORN, Respondent.**

**99–SC–0748–KB.**

Supreme Court of Kentucky.

Nov. 18, 1999.

Bruce K. Davis, Executive Director, Barbara S. Rea, Chief Bar Counsel, Kentucky Bar Association, Frankfort, for Complainant.

David T. Enlow, Murphy & Enlow, Lexington, for Respondent.

## OPINION AND ORDER

Jerry L. Horn, whose last known addresses are in Lexington and Lancaster, Kentucky, seeks review of a finding by the Board of Governors of the Kentucky Bar Association that he engaged in professional misconduct in violation of SCR 3.130–8.3, and its recommendation that he be suspended from the practice of law for five years. The suspension is to begin the date of his automatic temporary suspension which occurred on July 31, 1996, following his conviction of the felony offenses of conspiracy to transport in interestate commerce, money taken by fraud from a church in violation of 18 U.S.C. § 2314 and § 2 in the United States District Court for the Southern District of West Virginia.

The charge against Horn arises out of his involvement with several other individuals in persuading the First Assembly Church of God in Matewan, West Virginia, to invest in a "pyramid" or "ponzie" scheme which resulted in the loss of its investment. The funds invested by the church, $199,800, were a portion of the proceeds it received after its building and property, which was in a flood plain, were condemned for public use. The church therefore had to move, and wanted to earn a better return from the investments of its funds than was locally available. To that end, the Matewan church enlisted the aid of Gordon Shinn a pastor at a nearby church who acted as an agent for the Matewan church in its plans to relocate and invest its money.

Shinn contacted John Holtzclaw, an accountant and co-defendant from Kentucky, who was involved with other defendants in marketing "Sell America," an Alabama corporation involved in multilevel marketing programs, including the selling of gold coins. Sell America sold a plan which purported to be a method of investing in minted U.S. gold coins, but which provided a return of funds deposited with Sell America only if other investors were recruited into the program.

A partnership known as Gold Eagle Enterprises was then formed involving Horn and three other co-defendants, John Holtzclaw, Joyce Morfey, an insurance agent and Don Estes a financial planner, for the purpose of marketing Sell–America and recruiting new members. Horn drafted the partnership agreement and later drafted articles of incorporation for Gold Eagle; drafted articles of incorporation for Shinn and wrote the agreement between Gold Eagle, Shinn and the Matewan church. Horn, his partners and Shinn also attended a meeting of church leaders which culminated in its agreement to invest in the scheme. At this meeting, Horn displayed a gold coin and represented that the church could reasonably expect to recoup its original investment plus earn commissions equal to 18% of its investment within twelve months.

Ultimately, Horn was indicted for his participation in the conspiracy which led to the Matewan church's losses. He was tried with his co-conspirators and was convicted of the felony offense of conspiracy to transport in interstate commerce, money taken by fraud from the First Assembly Church of God in Matewan, West Virginia in violation of 18 U.S.C. § 2314 and § 2. Horn has completed his twelve-month sentence. He was automatically temporarily suspended from the practice of law in the Commonwealth on July 31, 1996. SCR 3 .166.

The Inquiry Tribunal charged Horn with violating SCR 3.130–8.3(b) and 8.3(c) based upon his conviction. A hearing was held before the Board of Governors in which he presented evidence in mitigation of the sanction to be imposed on him. The Board concluded that Horn was guilty of Count One of the charge issued by the Inquiry Tribunal and recommended that he be suspended for five years, with credit being given for the time already served under the temporary suspension order. The majority of the Board made this recommendation principally because the United States District Court found that, de-

spite his conviction, Horn played a minor role in the transaction and that he has already been suspended more than two years before Oral Argument.

Pursuant to SCR 3.370(6) Horn requests that this Court review the findings of fact, conclusions of law and recommendations of the Board of Governors. In support of his position, Horn argues that even though he was convicted by a jury for violations of 18 U.S.C. § 2314 and § 2, he was found by the sentencing judge to have played a minor role in the transaction. He also contends that if he had testified at trial he could have brought to the attention of the jury the attempts he made to verify the legitimacy of the business known as Sell America, Inc. Horn maintains that his past conduct as an attorney and the uncontroverted testimony of witnesses testifying on his behalf clearly demonstrate that he is morally fit to practice law. Finally, Horn claims that the recommendation of the Kentucky Bar Association for a five-year suspension, with credit for time already spent under his temporary suspension is unduly harsh and should be reduced by the Court to the time he has already been under suspension, which commenced the day after his conviction, a period now in excess of three years.

The KBA responds that Horn's persistence in blaming others for his misconduct and the resultant consequences is not reason to forego professional sanction. It also contends that the sanction recommended by the Board of Governors is not excessive and is justified.

SCR 3.130–8.3(b) and (c) provide as follows:

It is professional misconduct for a lawyer to:

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

Horn's conviction is conclusive proof that he engaged in the criminal conduct alleged in the indictment against him. *Kentucky Bar Association v. Lester*, Ky., 437 S.W.2d 958 (1969). Moreover, his conviction of felony offenses involving fraud, deceit and misrepresentation clearly constitutes criminal conduct which reflects adversely upon his honesty, trustworthiness or fitness as a lawyer in other respects. Accordingly, after a careful review of the record, we conclude that Horn's arguments in favor of a lesser sanction are without merit. The recommendation of the Board of a five-year suspension, effective July 31, 1996, the day following his conviction of multiple felony offenses, was appropriate. We adopt the finding of the Board of Governors as to guilt and as to suspension.

It is ORDERED that:

1) Jerry L. Horn is hereby suspended from the practice of law in the Commonwealth of Kentucky for five years, with credit being given for time already served from the automatic temporary suspension that began on July 31, 1996.

2) Pursuant to SCR 3.390, respondent shall provide notice to any clients, if applicable, he currently represents of his inability to provide further legal services, to notify all courts in which he has matters pending of his suspension and to provide the Director of the Kentucky Bar Association with a copy of all such letters simultaneously to their mailing.

LAMBERT, C.J., COOPER, GRAVES, JOHNSTONE, WINTERSHEIMER and STUMBO, JJ., concur.

KELLER, J., not sitting.

ENTERED: November 18, 1999.

/s/ JOSEPH E. LAMBERT
Chief Justice