Mark Raymond MARSH, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2000–SC–0794–KB.

Supreme Court of Kentucky.

Oct. 26, 2000.

Mark Raymond Marsh, Cynthiana, for movant.

Jay R. Garrett, Kentucky Bar Association, Frankfort, for respondent.

## OPINION AND ORDER

Mark Raymond Marsh moves this Court, pursuant to SCR 3.480(3) for an order permitting him to resign his membership in the Kentucky Bar Association and to surrender his license to practice law under the terms of permanent disbarment.

Movant acknowledges that he was charged with and convicted of the offense of tampering with physical evidence when he destroyed, concealed, removed, and altered physical evidence which he believed was about to be produced or used in an official proceeding with the intent to impair its availability in the official proceeding. Movant also acknowledges that the Inquiry Tribunal issued a complaint that Movant violated SCR 3.130–8.3(b) and (c), which provide that "it is professional misconduct for a lawyer to: ... (b) commit a criminal act which reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects" and "engage in conduct involving dishonestly, fraud, deceit, or misrepresentation." Mov-

ant further acknowledges that the Inquiry Commission voted issuance of a charge on June 4, 1998.

Under SCR 3.480(2), a member who wishes to withdraw from the Kentucky Bar Association and is under investigation shall file a motion to resign. At that time, this Court may direct the Kentucky Bar Association to conduct any further investigation to determine whether the movant has engaged in unethical or unprofessional conduct. If the movant has engaged in such conduct, he or she may comply with SCR 3.480(3) and file a motion which states, *inter alia,* that the movant will not practice law, that he/she will pay all costs of the disciplinary proceeding, that he/she will comply with the provisions of SCR 3.390 (notice to clients about suspension), and that he will cease all advertising. Under this rule, this Court may grant the movant's order, or we may direct the completion of the disciplinary proceedings before we enter an order. Here, the Movant has chosen to file his motion under SCR 3.480(3), probably in light of his conviction in the Harrison Circuit Court. Marsh, notwithstanding his conviction, moves this Court to terminate the disciplinary proceedings by surrendering his license to practice in the Commonwealth of Kentucky under terms of permanent disbarment.

The Kentucky Bar Association does not object to the Movant's motion to resign, but does object to the terms of the disbarment. The Kentucky Bar Association requests that the order accepting the resignation state that the Movant committed the unethical and unprofessional acts as charged by the Inquiry Tribunal. Marsh, however, does not acknowledge his guilt, as he asserts in his motion that he "has no knowledge or memory of the criminal action." Nonetheless, Marsh was convicted beyond a reasonable doubt by a jury. Such a standard of proof is much higher than that of the civil standard, preponderance of the evidence. As such, his criminal conviction is conclusive proof of his guilt for the purposes of our proceedings.

Therefore, it is ordered that Marsh's motion to resign from the Kentucky Bar Association and to surrender his license to practice law under terms of permanent disbarment is granted. We also find that he has violated SCR 3.130–8.3(b) and (c) by committing the felony for which he was convicted.

It is further **ORDERED** that:

1. Movant, Mark Raymond Marsh, is hereby permanently disbarred from the practice of law in Kentucky.

2. In accordance with SCR 3.450, Movant, Mark Raymond Marsh, is directed to pay all costs associated with these disciplinary proceedings for which execution may issue from this Court upon finality of this Opinion and Order.

3. Pursuant to SCR 3.390, Movant shall, within ten (10) days from the entry of this Opinion and Order, notify in writing all courts in which he has matters pending and all clients of his inability to represent them, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

All Concur.

ENTERED: October 26, 2000

/s/ Joseph E. Lambert
CHIEF JUSTICE