STEINBERG, Judge,
concurring in part and dissenting in part:
I agree with the majority that it is proper for the Court to accept the respondent’s resignation from the Bar of this Court and that we possess the authority to allow him to resign while under disciplinary investigation. However, I cannot join in the per curiam order because I believe that it is deficient (1) in failing to address the procedural issue of whether certain matters should first be submitted to the Committee on Admission and Practice (Committee), rather than the Court; (2) in its narrow view of “protection of the public”, as it relates to notification; and (3) in failing to substantiate its apparent determination that the Court’s action is not an imposition *367 of discipline that would lead to the notifications by the Clerk of the Court (Clerk) that are described in Rule 13(b) and (c) of the Court’s Rules of Admission and Practice (A & P Rules).

I. Committee Issues

On May 30, 2002, the respondent submitted directly to the Court, with a copy sent also to the Committee, a motion for leave to resign. At the time that the appellant submitted this pleading to the Court, he was, as he is now, under investigation by the Committee for potential disciplinary violations. See U.S. VetApp. R. Adm. & PraC. [hereinafter “A & P Rule”] 2(c). Under our A & P Rules, the Committee is the investigative body in these proceedings, see A & P Rule 2(c)(3) (providing that “[t]he Committee will investigate the matter” (emphasis added)), and “[i]t is the duty of the ... practitioner concerned or his or her counsel to cooperate with the Committee”, A & P Rule 2(f). I am concerned that the respondent here made his motion (for leave to resign) directly to the Court, and not to the Court through the Committee, the body that was investigating his actions. Hence, I believe that the Court should have addressed the rationale for allowing the respondent to bypass the Committee in this instance. Although such action, in certain circumstances, may be appropriate, allowing the respondent’s motion in this case to proceed directly to the Court should not be seen as in any way lessening the responsibility of the respondent, or any future applicant or practitioner, to cooperate fully with the Committee.
For my part, I view the Court’s decision to accept the respondent’s resignation in this case as not intended to short-circuit the Committee’s investigatory process. Rather, it is merely a particular instance where a proposed resolution is the most expedient and efficient means of terminating the matter while still permitting protection of the interests for which the process was initiated (see parts II. and III., below). I would expect that in the future a decision whether to accept or reject such an offer of resignation would be analyzed on a case-by-case basis.
I also wish to express appreciation for the Committee’s diligence and effort in this matter.

II. Protection of Public Interest

The per curiam order states that “[i]n determining whether to accept such resignations, courts have generally focused upon the impact that resignation will have on public policy interests such as maintaining the integrity of the [B]ar, the administration of justice, and protection of the public.” Ante at 365-66. This is a fine and laudatory notion, but the Court undercuts it a few lines later when it states that the respondent’s “agreement to cease all practice before this Court provides the Court and its appellants with protection from any repetition of such conduct.” Ante at 366 (emphasis added). The first statement of the Court, particularly with its recognition of the public policy interests of disciplinary proceedings in the “protection of the public”, recognizes a broader area of concern, and one that I feel is a legitimate concern for this Court. Unfortunately, the second statement reflects an ill-advised restriction of our concern to how an action will affect only our corner of the legal world.
Under Rule 46(a)(1) of this Court’s Rules of Practice and Procedure, an attorney may be admitted to the Bar of this Court if he or she is “of good moral character” and “has been admitted to practice in the Supreme Court of the United States, or the highest court of any state, the District of Columbia, or a territory, *368 possession, or commonwealth of the United States, and is in good standing therein”. U.S. VetApp. R. 46(a)(1). It is axiomatic that an attorney who is admitted to practice before this Court will be admitted to practice before at least one other Court. Therefore, unlike most courts overseeing disciplinary investigations, this Court has certain knowledge of the fact that the attorney under investigation is licensed to practice before other courts.
Although we obviously possess the power to oversee only the Bar of this Court, that does not, to my mind, excuse us from exhibiting greater concern for the “protection of the public” in a sense that extends beyond the confines of this Court. I believe that the requisite protection in this case would be accomplished by providing A & P Rule 18 notice of public discipline so as to inform other jurisdictions in which we believe that the respondent is licensed (discussed further in part III., below) of the terms of his resignation. The Court’s narrow view of the “protection of the pub-lie” is yet another reason that I cannot join in the Court’s per curiam order.

III. Notifícation of Order Imposing Public Discipline

Under A & P Rule 13(b), the Clerk “will promptly mail a certified copy of the order imposing public discipline to another court or other governmental entity if there is reason to believe that the practitioner is admitted to practice before that court or entity.” Under A & P Rule 13(c), such notice is also to be made to the American Bar Association’s (ABA) National Discipline Data Bank. As I noted above in part II., such notification appears to signify the Court’s recognition of a broader interest in the “protection of the public”. The Clerk should make such notification here, I believe, because this order is, for the reasons set forth below, essentially an “order imposing public discipline”. A & P Rule 13(b), (c). Furthermore, I would note that any member of the public, including, of course, any judge or staff member of this Court, is free to bring to the attention of the appropriate authorities the existence of this order, and that attorneys may in fact be under a heightened obligation to take such action. Cfi ABA Model Rule of Professional Conduct 8.3(a) (providing that “[a] lawyer having knowledge that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer’s honesty, trustworthiness, or fitness as a lawyer in other respects, shall inform the appropriate professional authority”); A & P Rule 4(a) (providing that “[ujnless otherwise provided by specific rule of the Court, the disciplinary standard for practice [in this Court] is the Model Rules of Professional Conduct adopted by the American Bar Association on August 2, 1983, as amended”).
I note that, in explaining its authority to allow the respondent to resign from the Court’s Bar, the Court today states that “it is well established that a federal court possesses the inherent power to control admission to its [B]ar and to discipline attorneys who appear before it.” Ante at 365 (emphasis added). Furthermore, to the extent that the A & P Rules speak to our authority to take such action, they state as follows:
Discipline imposed under these rules for practitioner misconduct may consist of disbarment (or revocation of admission to practice in the case of a non-attorney practitioner), suspension from practice before the Court, monetary sanction (including fines), public reprimand, private admonition (in the form of an unpublished (and nonpublic) order), or any other discipline that the Court considers appropriate.
*369 A & P Rule 5(a) (emphasis added). Over and above any guidance we may glean from these sources, however, I believe that there are two other, highly salient points that establish that the Court’s order today is essentially an “order imposing public discipline”.
First, I note that the Court not only accepted the respondent’s resignation, but dictated to him the terms and the form under which it would accept such resignation. Therefore, the Court “imposed” these conditions upon the respondent, i.e., his options were either to accept resignation on the Court’s terms and conditions or to continue with the Committee’s investigation process. Second, in his May 30, 2002, motion to the Court, the respondent proposed only to “agree not to seek admission to practice before this Court at any time in the future”, but, in his official resignation from the Bar of the Court, on the form dictated by the Court, the respondent “relinquished] any right he may have ever in the future to apply for reinstatement or readmission to the Bar of the United States Court of Appeals for Veterans Claims, either as an attorney or as a non-attorney practitioner”. There is a significant difference between proposing, in a motion made to the Court, to agree not to seek readmission as an attorney and an explicit relinquishment, in a resignation letter that is, in effect, incorporated by reference in a public order of the Court, of any right to reinstatement or readmission. As to the relinquishment of the right to seek readmission to practice, there is also a significant difference between practicing as an attorney and practicing either as an attorney or as a non-attorney practitioner (a separate category of representation). The Court’s having “imposed” upon the respondent in this proceeding legally binding restrictions barring any future practice before this Court by him in any capacity, in light of the foregoing analysis, constitutes “discipline”.[1]

IV. Conclusion

As stated above, I cannot agree with the ultimate disposition of this case, because I *370 believe that the order constitutes public discipline requiring public notification under A & P Rule 13. Although I believe that the respondent’s resignation, under the terms dictated by the Court, is a proper resolution for this matter, I do not believe that the Court should take that action in this case without public notice and without addressing several matters discussed above. Therefore, for the foregoing reasons, I dissent from the Court’s order to the extent that it may be read as indicating that Rule 13(b) and (c) notifications will not be made by the Clerk.

. Analogous cases arising out of regulation of the Bar of the Supreme Court of Kentucky, of which the respondent is a member, may be read to support the notion that resignation while under investigation is, by itself, a form of "discipline”. Marsh v. Ky. Bar Ass’n, 28 S.W.3d 859 (Ky.2000); Head v. Ky. Bar Ass’n, 938 S.W.2d 581 (Ky.1997); O’Bryan v. Ky. Bar Ass’n, 824 S.W.2d 877 (Ky.1992). In each of these three cases, the Supreme Court of Kentucky allowed resignation while under investigation, but mandated that each such movant had to comply with Kentucky Supreme Court Rule (SCR) 3.390. Marsh, 28 S.W.3d at 860; Head, 938 S.W.2d at 582; O'Bryan, 824 S.W.2d at 878. This rule states, inter alia, as follows:
There shall be contained in every opinion or order, imposing disbarment or a suspension of more than sixty (60) days, a direction that such suspended or disbarred attorney notify all Courts in which he/she has matters pending, and all clients for whom he/she is actively involved in litigation and similar legal matters, of his/her inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel.
SCR 3.390 (emphasis added). It is reasonably arguable that, having included such SCR 3.390 notice in these orders in which the Supreme Court of Kentucky allowed an attorney to resign while under investigation, that court considered these orders either to be "imposing disbarment or a suspension of more than sixty ... days” or to be the equivalent of such orders. Under our own Rules, such disbarment or suspension is clearly a form of discipline. U.S. Vet.App. R. Adm. & Prac. 5(a). I believe that we should take notice of the fact that these actions of the relevant state court, of which the respondent is a member and on the basis of which he was, reciprocally, admitted to this Court's Bar, may seem to be construing resignations while under investigation as being the equivalent of disbarment or suspension, and, thus, a form of discipline.