**KENTUCKY BAR ASSOCIATION,**
Appellant,

v.

**Alecia LOCOCO, KBA Member
No. 84175, Appellee.**

No. 2006–SC–000388–KB.

Supreme Court of Kentucky.

Aug. 24, 2006.

As Amended Sept. 13, 2006.

Bruce K. Davis, Executive Director, Kentucky Bar Association, Linda A. Gosnell, Chief Bar Counsel, Kentucky Bar Association, Jenny D. Lafferty, Office of Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Appellant.

Peter L. Ostermiller, Kentucky Home Life Building, Louisville, Counsel for Appellee.

## OPINION AND ORDER

Appellant, Alecia Lococo, was admitted to the practice of law in the Commonwealth of Kentucky in 1991. Her bar roster address is P.O. Box 7044, Hazard, Kentucky 41702.

Ms. Lococo was temporarily suspended from the practice of law on March 6, 2000. On September 27, 2001, she received a three year suspension from the practice of law, with the effective date of suspension being March 6, 2000, the same date as the temporary suspension. The suspension was the result of two separate matters, KBA Files 7175 and 7664.

### KBA File 8980

During 1999, Ms. Lococo represented Hilery Crouch in a personal injury action, in which she settled for $25,000. Medicaid and Crouch's medical services provider, Dr. Gilbert, had liens on the settlement totaling $10,000. Ms. Lococo directed this amount to be withheld from the gross settlement distribution, along with her fee and costs. However, Ms. Lococo's secretary, Donna Ritchie, wrote a check from the escrow account to Crouch for $10,000, without Ms. Lococo's knowledge or consent.

Unfortunately, what occurred in the present case is what also occurred in the client matters, which were the subject of the earlier disciplinary case in which Ms.

Lococo received a three year suspension. As in Ms. Lococo's earlier disciplinary case, funds which were ordered to be withheld in order to pay Medicaid and the doctors were distributed erroneously by Donna Ritchie without the knowledge or consent of Ms. Lococo.

Subsequently, Ms. Lococo has since taken the appropriate corrective actions to remedy this mistake. She has satisfied the medical lien of Dr. Gilbert and has corresponded with Medicaid for the purpose of addressing the lien. Also, she has admitted that she did not have the proper safeguards in place regarding her escrow account and her support staff.

### KBA File 7944

In February of 2000, Ms. Lococo had a claim against her in which attorney James Early represented the adverse party. Mr. Early and Ms. Lococo had been corresponding directly with each other concerning the claim that his client had against her. However, she decided to have an attorney, Phillip Wicker, who was representing her in other matters, respond to Mr. Early on her behalf. Without Mr. Wicker's consent or foreknowledge, Ms. Lococo drafted a letter for his review and consideration. Under a preexisting arrangement, Ms. Lococo possessed some of Mr. Wicker's stationery for this very reason.

After a period of time in which Ms. Lococo believed Mr. Wicker had reviewed the letter, Ms. Lococo prematurely allowed her secretary to send the letter. Ms. Lococo presumed that Mr. Wicker had read and approved the letter; however, she did not confirm this with her, or his, secretary. Mr. Wicker was unaware of the fact that the letter had been sent until he received a copy of the letter from Mr. Early. There was no signature by Mr. Wicker or anyone on his behalf on the letter.

### Law & Discipline

Ms. Lococo recognizes that pursuant to SCR 3.130–5.3(b), she had direct supervisory authority over her secretary. She acknowledges that by failing to confirm Mr. Wicker's review and signature of the letter, she was in violation of SCR 3.130–5.3(b). She also acknowledges that she violated SCR 3.130–1.15(b) when she incorrectly distributed the funds on the settlement of a case.

Ms. Lococo made a motion for consensual discipline, proposing a six month suspension, effective September 22, 2003, the date of the return charge in KBA file 8980, with the period of suspension to be run concurrently with the current suspension as set forth in the Court's order of September 27, 2001. Upon review of the facts in this case, the Kentucky Bar Association concluded that the appropriate discipline should be a six month suspension, to commence on September 22, 2003.

In cases where a non-lawyer employee caused a lawyer's property to be commingled with the property of the lawyer's clients, the Court has found that the lawyers' violation of SCR 3.130–1.15(b) and SCR 3.130–5.3(b) warrant short-term suspensions. The Court is willing to impose shorter suspensions when clients or third parties are not injured as a result of such mismanagement; however, that was not the case with Ms. Lococo's mismanagement.

Section 4.12 of the American Bar Association's *Standard for Imposing Lawyer Sanctions* provides that absent aggravating or mitigating circumstances, a suspension is generally appropriate when the lawyer knows or should know that she is dealing improperly with client property or causes injury or potential injury to a client. Additionally, § 7.2 similarly provides that

if a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession and causes injury or potential injury to a client, the public or the legal system, a suspension is generally appropriate.

Still, a mitigating factor is present. Here, there was a delay in the prosecution of this case. Inquiry Commission issued KBA file 7944 against Ms. Lococo in April of 2000. No further steps were taken until August of 2003. While this action was thus still pending, Ms. Lococo's previous cases, KBA Files 7175 and 7664 were resolved by the Court's suspension. Thus, her suspension began in 2001. Because of these two pending disciplinary matters, one of which was not advanced to the docket until 2003, Ms. Lococo has not been able to seek reinstatement. This delay from April of 2000 until August of 2003 is a mitigating factor and was prejudicial toward Ms. Lococo.

This delay, combined with the prior suspension which addressed the same conduct, may be applied to reduce the appropriate sanction in this case from what might have been a suspension to serve in the future. Therefore, a six month suspension, set to run concurrently is the appropriate sanction in consideration of the unethical conduct and the mitigating factors. Such a retroactive suspension was applied in *Kentucky Bar Association v. Horn*, 4 S.W.3d 135 (Ky.1999). This sanction is also consistent with Kentucky case law and the ABA *Standards for Imposing Lawyer Sanctions.*

The Motion for Suspension from the practice of law, along with the relevant case law was reviewed and approved by the Chair of the Inquiry Commission and the Immediate Past President of the Kentucky Bar Association before submission to the Court, pursuant to the Office of Bar Counsel's standard procedure in consensual discipline cases.

Therefore, we adopt the finding by the KBA regarding the appropriate discipline in this matter for her violations of SCR 3.130–5.3(b) and SCR 3.10–1.15(b) and order Ms. Lococo be suspended for six (6) months, commencing on September 22, 2003, and to run concurrently with the current suspension as set forth in this Court's order of September 27, 2001.

Thus, it is ORDERED that:

1.) Ms. Lococo be suspended from the practice of law for six (6) months for her violations in KBA Files 8980 and 7944.

2.) This period of suspension is effective as of September 22, 2003, and the suspension is to run concurrently with the suspension set forth in the Court's order of September 27, 2001.

3.) Ms. Lococo shall pay the certification of costs in the amount of $86.45, from which execution may issue from this Court upon finality of the Opinion and Order.

All concur.

ENTERED: August 24, 2006.

/s/ Joseph E. Lambert
Chief Justice