Bruce Dwain ATHERTON, Movant,

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 2010–SC–000057–KB.

Supreme Court of Kentucky.

April 22, 2010.

---

### OPINION AND ORDER

Movant, Bruce Dwain Atherton, moves this Court to enter an order permanently disbarring him from the practice of law in the Commonwealth of Kentucky. In response, the Kentucky Bar Association (KBA) agrees that Movant's conduct warrants permanent disbarment. Movant, whose KBA member number is 0212, and whose bar roster address is 455 South Fourth Street, Suite 1450, Louisville, Kentucky 40202, was admitted to the practice of law in this Commonwealth on September 20, 1979. Movant was temporarily suspended from the practice of law in Kentucky, pursuant to SCR 3.166, effective September 3, 2009. Having considered Movant's four KBA files and his six matters currently pending before the KBA, we conclude that he should be permanently disbarred.

Movant admits that he is guilty of violating the Rules of Professional Conduct as set out in the following KBA files: 11337; 12587, with the exception of Count III; 14408, with the exception of Counts II and III; and 17316. In addition, Movant requests that pending KBA Files 12372, 16870, 17143, 17753, 17898, and 18283 be closed in light of his admissions and request for permanent disbarment, to which Respondent offers no objections. Movant states that, upon entry of an order granting his motion to resign under terms of permanent disbarment, he will never again engage in the practice of law in the Commonwealth of Kentucky.

Movant and Respondent agree to the following facts and circumstances concerning KBA Files 11337, 12587, 14408 and 17316:

### KBA File 11337

This charge arose out of Movant's representation of Randall and Patsy Acton in a bankruptcy proceeding. In June 2001, Mr. and Mrs. Acton filed a voluntary Chapter 11 bankruptcy petition, retaining the services of Merritt Deitz and Sandra Freeburger. Due to a potential conflict of

interest, Movant became employed as counsel for the Actons. On June 5, 2003, Movant filed what he termed a "final petition for payment of attorney fees." Movant utilized a form from a previous case which represented to the bankruptcy court that, "This fee application represents the fifth and final such petition for payment. Counsel for debtors have previously requested, and received Court approval of and payment of the following fees and expenses." This petition for payment listed dates and amounts billed to the Actons between January 2002 and March 2003, with a total bill of $62,955.58. Movant claimed a balance of $8,862.24. Movant admits the statement that the fee application was the "fifth" such petition for payment was not true, and that the bankruptcy court had never approved payment of attorney's fees.

Various creditors of the bankruptcy estate objected to the payment of the fees, and the court set the matter for a hearing on July 29, 2003. Movant failed to appear. Another hearing was set for August 26, 2003. This time, Movant appeared and acknowledged the billings and receipt of fees from the Actons. He also acknowledged that he had not obtained approval of his fees from the bankruptcy court, and that he had not circulated his invoices to the creditors. By order dated September 25, 2003, the bankruptcy court found that Movant failed to obtain prior approval to secure payment for services rendered from the debtor's estate and ordered full disgorgement of Movant's fees. This order was never set aside, vacated, or modified.

▇▇ Movant is aware that the bankruptcy court's order constitutes conclusive proof that he engaged in conduct described in the order and, thus, engaged in professional misconduct. *See Kentucky Bar Association v. Harris*, 269 S.W.3d 414 (Ky. 2008); *Kentucky Bar Association v. Horn*, 4 S.W.3d 135 (Ky.1999). The Inquiry Commission filed a charge against Movant, alleging violations of SCR 3.130–1.3; 3.130–1.5; 3.130–3.3(a)(1); 3.130–3.4(c); and 3.130–5.3(b). Movant admits that his actions violated these rules.

## KBA File 12587

On December 10, 2003, Movant was retained by Allen McCartney to represent him in defending an adversary proceeding filed in a bankruptcy court in the Western District of Kentucky. The proceedings had been filed by Dolphin Aviation, Inc. and sought to have Mr. McCartney's debt to the company, the payment of which was the subject of a separate lawsuit filed in Florida, declared non-dischargeable. On December 12, 2003, McCartney hand-delivered the pleadings requiring immediate attention to the Movant. Dolphin Aviation, Inc. subsequently filed a Motion for Summary Judgment. Although Movant prepared a reply brief and signed a certificate of service, no reply brief was filed in the adversary proceeding. On March 8, 2004, an order was entered granting Dolphin Aviation, Inc.'s motion, declaring non-dischargeable Mr. McCartney's debt in the amount of $43,876.25 in attorney's fees and $4,356.31 in related expenses incurred in disproving an affidavit. On July 6, 2004, an order was entered in the Manatee County Circuit Court in Florida, noting that the debt had been declared non-dischargeable and requiring McCartney to pay $48,232.56, plus interest at the rate of nine percent annum, nunc pro tunc to May 12, 2003.

McCartney made various attempts to contact Movant on three separate days. Finally, Movant replied to McCartney on November 18, 2004, and requested, via letter, allowance to set the judgment aside "prior to turning this over to any malpractice insurance company." Movant was un-

aware that he did not have malpractice insurance in effect from December 2003 through November 2004.

The Inquiry Commission filed a charge against Movant, alleging violations of SCR 3.130–1.3; 3.130–5.3(b); and 3.130–8.3(c). Movant admits that his actions violated these rules, with the exception of SCR 3.130–8.3(c).

## KBA File 14408

This charge arose from Movant's representation of Ann Marie Newbold in a medical malpractice action in Jefferson County, Kentucky. This matter was ultimately dismissed by summary judgment on December 6, 2005, as Movant admits he failed to take timely steps to secure an expert witness. Movant disputes that he failed to timely advise Ms. Newbold of his failure to obtain an expert witness and that he failed to timely advise her of the dismissal of her claim.

In the latter part of 2001, Movant again represented Ms. Newbold in a lender liability action. Movant disputes that, in approximately late February or early March 2006, he told Ms. Newbold he had filed suit on her behalf when, in fact, he had not.

The Inquiry Commission filed a charge against Movant, alleging violations of SCR 3.130–1.3; 3.130–1.4(a); and 3.130–8.3(c). Movant denies that his actions violated these rules, with the exception of SCR 3.130–1.3, to which he admits violating.

## KBA File 17316

On September 2, 2009, Movant entered a guilty plea in the U.S. District Court, Eastern District of Pennsylvania, to the felony offense of accessory after the fact to conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 3. Movant acknowledges that his criminal conviction is conclusive proof that he engaged in criminal conduct and, thus, professional miscon-

duct. *See Kentucky Bar Association v. Carmichael*, 244 S.W.3d 111 (Ky.2008); *Kentucky Bar Association v. Rorrer*, 222 S.W.3d 223 (Ky.2007); *Marsh v. Kentucky Bar Association*, 28 S.W.3d 859 (Ky.2000).

The Inquiry Commission filed a charge against Movant, alleging violations of SCR 3.130–8.3(b) and 3.130–8.3(c). Movant admits that his actions violated these rules.

## CONCLUSION

█ This Court has granted a motion of permanent disbarment against other attorneys who have been convicted of a felony. *Conway v. Kentucky Bar Association*, 277 S.W.3d 608 (Ky.2009) (conspiracy to engage in monetary transactions in criminally derived property); *Kentucky Bar Association v. Rorrer, supra* (conspiracy to commit money laundering); *Dickey v. Kentucky Bar Association*, 98 S.W.3d 864 (Ky.2003) (conspiracy to commit securities fraud). Here, Movant has engaged in a lengthy pattern of misconduct, involving the violation of multiple Rules of Professional Conduct. Furthermore, Movant has clearly stated in his motion that he no longer wishes to practice law in this Commonwealth or in any other jurisdiction.

Accordingly, it is hereby ORDERED that:

1. Bruce Dwain Atherton, KBA Member No. 0212, is adjudged guilty of the charges made in the following KBA Files: 11337; 12587, with the exception of Count III; 14408, with the exception of Counts II and III; and 17316. All other pending files not disposed of by this order are hereby closed.

2. Bruce Dwain Atherton is permanently disbarred from the practice of law in the Commonwealth of Kentucky.

3. Pursuant to SCR 3.450, Bruce Dwain Atherton is directed to pay all costs

associated with these disciplinary proceedings in the amount of $1,275.10.

4. Pursuant to SCR 3.390, Bruce Dwain Atherton shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Executive Director of the Kentucky Bar Association. Furthermore, to the extent possible, Atherton shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: April 22, 2010.

/s/ John D. Minton Jr.
    Chief Justice