**William L. HUFFMAN, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2012–SC–000227–KB.

Supreme Court of Kentucky.

May 24, 2012.

---

2. All references are to the Rules of Professional Conduct prior to the 2009 amendments.

## OPINION AND ORDER

William L. Huffman moves this Court to issue him a public reprimand for his admitted violation of Supreme Court Rule (SCR) 3.130–8.3(c).[1] The Kentucky Bar Association (KBA) has no objection to this sanction, which was negotiated pursuant to SCR 3.480(2). Finding a public reprimand to be appropriate discipline for his misconduct, we grant Huffman's motion. Huffman, whose KBA member number is 34295 and whose last known bar roster address is 3332 Overbrook Drive, Lexington, Kentucky 40502, was admitted to the practice of law in the Commonwealth of Kentucky on August 1, 1970.

Huffman was a state employee with the Department of Labor for at least thirteen years and, prior to his resignation on Feb-ruary 21, 2003, served as a Staff Attorney in the classified service at the Division of Worker's Compensation Funds (the Division). While employed at the Division, Huffman also obtained outside employment as co-counsel in a federal civil rights suit, which was not related to his duties at the Division. Alerted to possible misconduct by Huffman in connection with his work on the civil rights case, the Executive Branch Ethics Committee commenced an investigation and ultimately concluded Huffman violated KRS 11A.020(1)(c) and (d) when, on thirteen occasions, he claimed sick leave from the Division while he was actually working on the civil rights suit and when he used state equipment—telephones, fax machines, computers, etc.—for work on the civil rights suit. Huffman, who had voluntarily resigned while the investigation was pending, received a public reprimand and a $2,500.00 fine. The Franklin Circuit Court and the Court of Appeals upheld the decision of the Ethics Committee and this Court denied discretionary review.

On May 23, 2011, the Inquiry Commission issued a one-count charge against Huffman alleging he violated SCR 3.130–8.3(c), which provided it was professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." Pursuant to SCR 3.480(2), which permits attorneys to negotiate an appropriate sanction with the KBA, Huffman admitted he violated SCR 3.130–8.3(c) and now requests the Court issue the agreed-upon public reprimand.

After reviewing the record and the applicable law, the Court finds a public reprimand is an appropriate punishment for Huffman's misconduct. First, it is in keeping with discipline previously imposed

---

1. This rule has since been renumbered as SCR 3.130(8.4)(c), though the language re-mains the same.

in comparable situations. In a very similar case, *Kentucky Bar Association v. Harris*, 269 S.W.3d 414 (Ky.2008), this Court issued a public reprimand against an attorney who violated SCR 3.130–8.3(c) by submitting false time records to her former state employer. Additionally, we have no qualms accepting Huffman's admission of guilt because in disciplinary proceedings a judgment of a court is considered conclusive proof that the alleged misconduct occurred. *Kentucky Bar Association v. Horn*, 4 S.W.3d 135 (Ky.1999). Finally, Huffman has received no other discipline in over thirty-one years as a practicing member of the Bar. Accordingly, the Court finds the proposed consensual discipline to be appropriate and declines further review. SCR 3.480(2). Therefore, it is hereby ORDERED,

1. William L. Huffman, KBA Member Number 34295, is publicly reprimanded for his violation of SCR 3.130–8.3(c); and

2. Pursuant to SCR 3.450, Huffman is directed to pay all costs associated with these disciplinary proceedings, in the amount of $76.18, for which execution may issue from this Court upon finality of this Opinion and Order.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCOTT, and VENTERS, JJ., concur. SCHRODER, J., not sitting.

ENTERED: May 24, 2012.

/s/ John D. Minton, Jr.
    Chief Justice