**Affirmed and Majority Opinion filed July 21, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00440-CR

## DANIEL RESHAW DEWITT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1675502**

## MAJORITY OPINION

Appellant Daniel Reshaw Dewitt appeals his conviction for aggravated robbery by threat with a deadly weapon in three issues. *See* Tex. Penal Code § 29.03(a)(2). In his first issue appellant argues that he was denied effective assistance of counsel during the punishment phase of his trial when his trial counsel failed to lodge a Confrontation Clause objection to the admission of jail disciplinary records. We overrule this issue because appellant has not demonstrated that his trial counsel's performance was deficient. Appellant argues

in his second and third issues that the trial court abused its discretion during the punishment phase of his trial when it admitted parole records and jail disciplinary records into evidence. Concluding appellant did not preserve those complaints in the trial court, we overrule his second and third issues and affirm the trial court's judgment.

## BACKGROUND[1]

Appellant was charged with aggravated robbery by threat with a deadly weapon. The State included one punishment-enhancement allegation in the indictment. A jury found appellant guilty of robbing the complainant at pistol point. Appellant elected to have his punishment assessed by the trial judge.

During the ensuing punishment phase of appellant's trial, the State sought to admit, among other exhibits, State's Exhibit 53 and State's Exhibit 69. State's Exhibit 53 consists of 66-pages of Harris County Jail disciplinary records pertaining to appellant. Appellant's trial counsel objected to the admission of the records into evidence stating that "no predicate [had been] laid and additionally to relevance of disciplinary records to this case, Judge." The trial court overruled the objections and admitted the records. State's Exhibit 69 consists of certified copies of parole records for "Dewitt, Daniel Re'shard TDCJ#01589439/SID#07275563." Appellant's trial counsel objected to the "lack of predicate, to hearsay and to relevance, Judge." The trial court examined the exhibit, and then stated: "Okay. All right. State's Exhibit 69 is admitted."

During closing argument, the State emphasized appellant's long criminal history. The State argued that appellant "was on parole for . . . two robberies when

[1] Appellant has not challenged any aspect of the guilt-innocence phase of his trial. Instead, his issues are directed only at the punishment phase of his trial. We therefore include only those facts necessary to provide background for the issues appellant has raised in this appeal.

2

he was charged with the felon in possession of a weapon, a third degree felony." The State continued that appellant had, "while on parole, three new law violations." The State's argument went on that appellant was "given another chance on bail for felon in possession of a weapon and picks up another new law violation, another chance to do well and disrespecting the system by failing to even abide by the conditions of bail." The State's argument continued that "while this defendant's been in custody, we also admitted to your Honor 66 pages of jail disciplinary records involving this defendant, that these records were also examples of how this defendant has even been in custody." The State then agued that

> this is 16 years of criminal activity. [Appellant] is now 32 years old and for half of his life he has been in touch with the criminal justice system. Judge, we know this defendant's past, we know his present and, Your Honor, at this time you're charged with deciding his future. This defendant is 15 to 99 or life and up to a $10,000 fine. Judge, this defendant is exactly the type of violent offender that we hear about on the news. He's graduated from - - all the way from evading and possession of marijuana all the way to brandishing a firearm and demanding property from [the complainant].

The State concluded its argument by pointing out to the trial court that appellant was "not someone who has shown this Court by any means that he wants to do better, that he wants to be a contributing member of this society. Your honor, we are asking you to sentence this defendant to no less than 40 years."

At the conclusion of the closing arguments, the trial court found the enhancement paragraph true. The trial court then sentenced appellant to 25 years in prison. Appellant did not file a motion for new trial. This appeal followed.

## ANALYSIS

**I.      Appellant has not shown that he received ineffective assistance of counsel.**

Appellant argues in his first issue that his trial counsel rendered ineffective assistance of counsel because he did not object to the admission of State's Exhibit 53, the Harris County Jail disciplinary records, on hearsay and Confrontation Clause grounds. The jail records contain brief descriptions of the circumstances and events related to each disciplinary incident that were prepared by jail corrections officers.

## A.     Standard of review and applicable law

In reviewing claims of ineffective assistance of counsel, we apply a two-part test. *See Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To establish ineffective assistance of counsel, an appellant must prove by a preponderance of the evidence that (1) his trial counsel's representation was deficient in that it fell below the standard of prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Id.*

An accused is entitled to reasonably effective assistance of counsel. *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); *Bradley v. State*, 359 S.W.3d 912, 916 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). Reasonably effective assistance of counsel does not mean error-free representation. *Ex parte Felton*, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991). Isolated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination. *Wert v. State*, 383 S.W.3d 747, 753 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Therefore, when evaluating a claim of ineffective assistance, we consider the totality of the representation and the particular circumstances of the case. *Lopez v. State*, 343

4

S.W.3d 137, 143 (Tex. Crim. App. 2011); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

There is a strong presumption that trial counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *Salinas*, 163 S.W.3d at 740. It is not sufficient that an appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence. *Lopez*, 343 S.W.3d at 143. Instead, in order for an appellate court to conclude that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record and the court must not engage in retrospective speculation. *Id.* at 142. When such direct evidence is not available, we will assume trial counsel had a strategy if any reasonably sound strategic motivation can be imagined. *Id.* at 143.

Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). Unless trial counsel has had an opportunity to give specific explanations for his decisions, a record on direct appeal will rarely contain sufficient information to evaluate an ineffective assistance claim. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). When no reasonable trial strategy could justify trial counsel's conduct, however, trial counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects trial counsel's subjective reasons for acting as he did. *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). In other words, when trial counsel has not had an opportunity to explain his actions or inactions, an appellate court cannot find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

**B.      Appellant has not shown that the record is sufficient to overcome the presumption of competence.**

In his first issue, appellant argues that he received ineffective assistance of counsel because his trial counsel failed to lodge hearsay and Confrontation Clause objections to portions of State's Exhibit 53, the Harris County Jail disciplinary records.    As mentioned above, appellant did not file a motion for new trial asserting that his trial counsel was ineffective.    Therefore, his trial counsel was not given an opportunity to explain his actions, or inactions, during appellant's trial. Despite this, appellant argues the existing record is sufficient on appeal because "there is no scenario imaginable where allowing testimonial statements in appellant's disciplinary cases into evidence would reflect any sound trial strategy." We disagree.

While appellant mentions his trial counsel's failure to lodge a hearsay objection as one of his trial counsel's alleged deficiencies, he focuses his entire argument under his first issue on his trial counsel's failure to object on Confrontation Clause grounds.  Because hearsay and the Confrontation Clause are separate grounds to object to the admission of evidence, we conclude appellant has waived his hearsay complaint due to failure to properly brief the issue.  *See* Tex. R. App. P. 38.1(i); *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (noting that a hearsay objection did not preserve Confrontation Clause claims); *Ford v. State*, 179 S.W.3d 203, 207 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) ("Confrontation and hearsay are distinct objections; confrontation raises constitutional issues, while hearsay invokes an evidentiary rule.").  We therefore address only appellant's Confrontation Clause argument.

The Sixth Amendment provides that in all criminal prosecutions, the accused shall have the right to be confronted by the witnesses against him.  U.S. Const.

amend. VI. In *Crawford v. Washington*, 541 U.S. 36, 51, (2004), the Supreme Court of the United States held that the Sixth Amendment right of confrontation applies not only to in-court testimony, but also to out-of-court statements that are testimonial in nature. *Wood v. State*, 299 S.W.3d 200, 207 (Tex. App.—Austin 2009, pet. ref'd) (citing *Crawford*, 541 U.S. at 51). The Confrontation Clause forbids the admission of testimonial hearsay unless the declarant is unavailable to testify and the defendant had a prior opportunity to cross-examine the declarant. *Id.* *Crawford* did not extend this protection to non-testimonial hearsay. *Ford*, 179 S.W.3d at 209.

In *Russeau v. State* the Court of Criminal Appeals concluded that jail disciplinary records containing specific incident reports written by corrections officers which documented the officers' observations of the defendant's numerous disciplinary offenses were testimonial and inadmissible under *Crawford* when those officers did not testify at trial and were not subject to prior cross-examination by the defendant. 171 S.W.3d 871, 881 (Tex. Crim. App. 2005). The Court of Criminal Appeals, however, specifically held that only the portions of the otherwise admissible jail business records that contained testimonial descriptions of specific facts and observations were inadmissible—not the entire records. *Id.* ("The trial court erred in admitting those portions of the reports that contained the testimonial statements."); *see Smith v. State*, 297 S.W.3d 260, 276 (Tex. Crim. App. 2009). Further, in *Smith*, the Court of Criminal Appeals held that "'boilerplate' language that does not contain any such testimonial statements, narratives of specific events, or written observations is admissible" and does not impinge the Confrontation Clause. *Smith*, 297 S.W.3d at 276; *see Segundo v. State*, 270 S.W.3d 79, 106–07 (Tex. Crim. App. 2008).

After the Court of Criminal Appeals issued *Smith*, the United States

7

Supreme Court issued *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009). The court held that records or documents kept in the regular course of business are inadmissible pursuant to the Confrontation Clause "if the regularly conducted business activity is the production of evidence for use at trial." *Melendez-Diaz*, 557 U.S. at 321–22. Therefore, the purpose for which the records were originally created becomes essential to the determination of whether the business records should be classified as testimonial or non-testimonial. *See Melendez-Diaz*, 557 U.S. at 321–22. It is therefore conceivable that appellant's trial counsel believed the narratives in appellant's jail disciplinary records were admissible non-testimonial statements under *Melendez-Diaz* because the records were created for the jail's administrative purposes, not for use at a later trial.

Even if appellant's jail disciplinary records contained inadmissible testimonial statements, appellant's trial counsel may have elected to not lodge a Confrontation Clause objection because he did not want to call further attention to the descriptive accounts in the jail records. *See Agbogwe v. State*, 414 S.W.3d 820, 838 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (concluding failure to request limiting instruction after trial court sustained objection could have been motivated by reasonable trial strategy to prevent further attention being drawn to objectionable testimony).

The existence of these possible reasons for not objecting on Confrontation Clause grounds defeats appellant's ineffective assistance of counsel claim. *See Johnson v. State*, 624 S.W.3d 579, 587 (Tex. Crim. App. 2021) (refusing to find counsel deficient when plausible strategy existed to explain attorney's conduct and record was silent regarding attorney's tactics or reasoning); *Thompson*, 9 S.W.3d at 814 ("The record in the case at bar is silent as to why appellant's trial counsel failed to object to the State's persistent attempts to elicit inadmissible hearsay.

8

Therefore, appellant has failed to rebut the presumption that this was a reasonable decision."); *Oliva v. State*, 942 S.W.2d 727, 732 (Tex. App.—Houston [14th Dist.] 1997, pet. dism'd) ("Trial counsel's failure to object to admissible evidence does not constitute ineffective assistance of counsel."). We overrule appellant's first issue.

## II. Appellant's lack of predicate and relevance objections to the admission of State's Exhibits 53 and 69 did not preserve error.

During the punishment phase of appellant's trial, the State sought to admit State's Exhibit 53, the disciplinary records mentioned above, and State's Exhibit 69, appellant's parole records, into evidence as business records. *See* Tex. R. Evid. 902(10) (providing that records kept in the regular course of business activity that meet specified requirements are self-authenticating). Appellant objected to the admission of State's Exhibit 53 because "there's been no predicate laid and additionally to the relevance of disciplinary records to this case, Judge." Appellant objected to the admission of State's Exhibit 69 due to "improper lack [sic] of predicate, to hearsay and to relevance . . . ." The trial court admitted the documents.

Appellant argues on appeal that the trial court abused its discretion when it overruled his lack of predicate and relevance objections because the parole and disciplinary records did not contain sufficient "identifiers" linking them with appellant.[2] The State responds that appellant failed to preserve error because his objections in the trial court do not comport with his argument on appeal. We agree with the State.

To preserve error, the record must show that appellant made a timely

---

[2] Appellant has not pursued his hearsay objection to the admission of State's Exhibit 69 on appeal.

request, objection, or motion and that the trial court ruled on it. *Quick v. State*, 557 S.W.3d 775, 787 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd). Additionally, the complaining party bears the responsibility of clearly conveying to the trial judge the party's particular complaint, the precise and proper application of law, as well as the underlying rationale. *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). A general or imprecise objection will not preserve error for appeal unless it is clear from the record that the legal basis for the objection was obvious to the trial court and opposing counsel. *Vasquez v. State*, 483 S.W.3d 550, 554 (Tex. Crim. App. 2016); *Penton v. State*, 489 S.W.3d 578, 580 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). There are two main purposes behind this requirement: (1) to inform the trial court of the basis of the objection and give the trial court a chance to rule on it, and (2) to give opposing counsel the chance to remove the objection or provide other testimony. *Quick*, 557 S.W.3d at 787. Whether a party's particular complaint is preserved depends on whether the complaint made on appeal comports with the complaint made in the trial court. *Pena*, 285 S.W.3d at 464. "In making this determination, we consider the context in which the complaint was made and the parties shared understanding at that time." *Id.*

We turn first to appellant's lack of predicate objections. An objection to an improper predicate that fails to inform the trial court exactly how the predicate is deficient will not preserve error. *Bird v. State*, 692 S.W.2d 65, 70 (Tex. Crim. App. 1985); *Gregory v. State*, 56 S.W.3d 164, 182 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd). Because appellant's argument on appeal does not comport with his objection in the trial court, we conclude that he has preserved nothing for appellate review.

Similarly, a relevance objection, without more, is also not sufficient to

preserve error. *See Barnard v. State*, 730 S.W.2d 703, 716 (Tex. Crim. App. 1987) (en banc) (stating that a general relevance objection does not preserve error for review); *McWherter v. State*, 607 S.W.2d 531, 535 (Tex. Crim. App. 1980) (objections that evidence is "irrelevant and immaterial" are not sufficient to preserve error). Such a general objection is insufficient because the State is left to guess what problem appellant was complaining about and could not correct the problem through other evidence or witnesses. *See Quick*, 557 S.W.3d at 787. Because appellant's argument on appeal does not comport with his objection in the trial court, we conclude he has preserved nothing for appellate review. We overrule appellant's second and third issues.

## CONCLUSION

Having overruled appellant's issues on appeal, we affirm the trial court's judgment.


/s/　　Jerry Zimmerer
　　　　Justice


Panel consists of Justices Jewell, Zimmerer, and Hassan (Hassan, J. concurring in judgment only without opinion).

Publish — TEX. R. APP. P. 47.2(b).